318 S.E.2d 454

**STATE ex rel. Leon H. GINSBERG, Commr, Dept. of Human Services**

**v.**

**Dennis M. NAUM, P.A. of Ohio County.**

**No. 16115.**

Supreme Court of Appeals of West Virginia.

July 11, 1984.

Michael C. Smith, Sp. Asst. Atty. Gen., Dept. of Human Services, Charleston, for appellant.

Robert Fitzsimmons, Wheeling, for appellee.

\* W.Va.Code, 9–5–4:

"Any person who obtains or attempts to obtain, or aids or abets an applicant or recipient in obtaining or attempting to obtain, by means of a willfully false statement or misrepresentation or by impersonation or any other fraudulent device:

"(1) Any class of welfare assistance to which the applicant or recipient is not entitled; or

"(2) Any class of welfare assistance in excess of that to which the applicant or recipient is justly entitled; shall upon conviction be punished as follows:

HARSHBARGER, Justice:

Department of Human Services Commissioner Ginsberg petitioned this Court to mandamus Ohio County Prosecuting Attorney Dennis Naum, to prosecute cases of welfare fraud, violations of W.Va.Code, 9–5–4,\* brought to Naum's attention in detailed reports submitted by the department's investigators.

The investigators had given Naum twenty-one completed reports. He presented the first case to a grand jury, but the indictment was later dismissed because its form was wrong. He never again pursued that case. DHS then gave Naum five additional reports. He agreed to cooperate with any DHS attorney who would prosecute them, but declined to pursue them himself because he lacked sufficient manpower in his office.

DHS's welfare fraud attorney qualified as a special prosecutor in Ohio County and presented those five to a grand jury. All the defendants were indicted, tried, and convicted. Fifteen additional reports were forwarded to Naum, but he did not prosecute. DHS contends that he would not even speak to its investigators about the files.

Before this Court may properly issue a writ of mandamus three elements must coexist: (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.

Syllabus Point 3, *Cooper v. Gwinn*, 171 W.Va. 245, 298 S.E.2d 781 (1981).

"(a) If the aggregate value of all funds or other benefits obtained or attempted to be obtained shall be five hundred dollars or less, the person so convicted shall be guilty of a misdemeanor and shall be fined not more than one thousand dollars or confined in jail not exceeding one year; or

"(b) If the aggregate value of all funds or other benefits obtained or attempted to be obtained shall exceed five hundred dollars, the person so convicted shall be guilty of a felony and shall be fined not more than five thousand dollars or confined in the penitentiary not less than one year nor more than five years."

The prosecutor does not deny his legal duty, the right of the petitioner to relief sought, nor does he claim there is another adequate remedy.

The sought-for prosecutions involve W.Va.Code, 9–5–4, *supra,* wherein the legislature has declared that willfully misrepresenting facts to obtain some or greater welfare assistance than that to which an applicant is entitled, is a crime. *See generally,* Annot., Criminal Liability in Connection With Application For, or Receipt of, Public Relief or Welfare Payments, 92 A.L. R.2d 421. The act clearly contemplated that violators be criminally punished.

■ Prosecutors are charged with the duty to prosecute all violators of state criminal laws in their counties. W.Va. Code, 7–4–1 states:

> It shall be the duty of the prosecuting attorney to attend to the criminal business of the State in the county in which he is elected and qualified, and when he has information of the violation *of any penal law* committed within such county, he *shall* institute and prosecute all necessary and proper proceedings against the offender. (Emphasis supplied.)

"Shall" is mandatory and makes it a prosecutor's non-discretionary duty to institute proceedings against persons when he has information giving him probable cause to believe that *any* penal law has been violated. *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984); *State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 278 S.E.2d 624 (1981). *Cf.,* Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 (1983) (discussing the mandatory character of the word "shall" in statutes).

■ In addition, Code, 9–5–6 commands: "the prosecuting attorneys of the various counties *shall* render to the commissioner [of the Department of Human Services], without additional compensation, such legal services as he shall require of them in the discharge of his duties."

Commissioner Ginsberg has a clear right to enforcement of the criminal statute punishing persons illegally obtaining funds from his department's limited public assistance coffers. He may specifically "[i]nvoke any legal, equitable or special remedies for the enforcement of the provisions of [the Human Services Laws]" in W.Va.Code, 9–2–6(18). Welfare fraud reduces available resources and may deprive deserving recipients of their due. The commissioner informed us that prosecutions in other counties have resulted in recovery of large sums of money for the state treasury. There is no other remedy to compel a prosecutor to perform his non-discretionary duty to institute this type of proceeding. Therefore, a prosecutor must decide whether DHS investigatory reports provide probable cause to charge the suspects, *State ex rel. Hamstead v. Dostert, supra,* and if they do, he must prosecute.

■ A prosecutor's duties cannot be avoided because he lacks staff. Murder cases are the most expensive and time consuming to prosecute, but no one would contend that a prosecutor could decide not to try murder suspects because he does not have adequate funds or manpower. We must remember that the legislature has authority within constitutional bounds to decide what is criminal, *State v. Grinstead,* 157 W.Va. 1001, 1012, 206 S.E.2d 912, 920 (1974), and a prosecutor, as part of the executive department, must enforce those criminal laws. *State ex rel. Hamstead v. Dostert, supra.* When the legislature has created a crime, right or entitlement, citizens are entitled to executive enforcement and implementation of that legislative dictate. *Accord, Meadows v. Lewis,* 172 W.Va. 457, 307 S.E.2d 625 (1983); *Hodge v. Ginsberg,* 172 W.Va. 17, 303 S.E.2d 245, 247 (1983); *McGraw v. Hansbarger,* 171 W.Va. 758, 301 S.E.2d 848 (1983); *United Mine Workers v. Miller,* 170 W.Va. 177, 291 S.E.2d 673 (1982); *Cooper v. Gwinn,* 171 W.Va. 245, 298 S.E.2d 781, 786 (1981); *E.H. v. Matin,* 168 W.Va. 248, 284 S.E.2d 232 (1981).

■ We sympathize with Naum's problem of insufficient manpower to do all the work thrust upon his office. Yet, we have repeatedly stated that inadequate funding is no justification for failure to do what a statute requires. *Cooper v. Gwinn, su-*

*pra,* 171 W.Va. at 255–256, 298 S.E.2d at 791–792; *E.H. v. Matin, supra,* 168 W.Va. at 260, 284 S.E.2d at 238; *Meadows v. Lewis, supra,* 172 W.Va. at 473, 307 S.E.2d at 641; *McGraw v. Hansbarger, supra,* 171 W.Va. at 758, 301 S.E.2d at 856; *Perry v. Barker,* 169 W.Va. 531, 289 S.E.2d 423, 428–429 (1982).

It is a county's obligation as the fiscally responsible agent for supporting prosecuting functions, to provide adequate resources therefor. *Cf., E.H. v. Matin, supra.*

Writ granted.