399 S.E.2d 57

**STATE of West Virginia**

v.

**Linda BOATRIGHT.**

**No. 19534.**

Supreme Court of Appeals of West Virginia.

Nov. 13, 1990.

**28**

Gerald M. Titus, Jr., Pros. Atty., Spencer, for State.

Kennad L. Skeen, Skeen & Skeen, Ripley, for Linda Boatright.

PER CURIAM:

Linda Boatright was indicted by the January 1989 term of the Grand Jury of Roane County on four counts, all related to one incident involving Triazolam, which is classified under *W. Va. Code*, 60A–2–210 [1987], as a Schedule IV controlled substance. The circuit court dismissed the indictment holding that the statute was unconstitutional because the State Board of Pharmacy, which recommended an amendment to *W. Va. Code*, 60A–2–210 [1987], failed to follow the procedures outlined in *W. Va. Code*, 60A–2–201 [1985].[1] On appeal, the State argues that the statute is constitutional because it was properly adopted by the legislature and is clear and unambiguous. Because we agree with the State that the

statute is not unconstitutional for this reason, we reverse the circuit court.

The indictment arose out of an alleged incident at the Roane County Jail on December 19, 1988. Ms. Boatright allegedly delivered a bag of items for an inmate, which contained 30 pills of Triazolam concealed inside a bottle of body powder. Ms. Boatright filed a motion to dismiss the indictment alleging that *W. Va. Code*, 60A–2–210 [1987], was unconstitutional because of irregularities in its enactment. The alleged irregularities concerned the State Board of Pharmacy and its recommendation to the legislature to amend *W. Va. Code*, 60A–2–210, by including Triazolam as a controlled substance. Triazolam was designated as a controlled substance under federal law. *See* 21 U.S.C. §§ 811, 812; 21 C.F.R. 1308.-14 [1990]. Ms. Boatright alleges that the State Board of Pharmacy failed to hold regular meetings and that the board gave no reason to the legislature for its recommendation to include Triazolam.

I

In Syllabus Point 1, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968), we stated:

Courts always endeavor to give effect to the legislative intent, but a statute that is clear and unambiguous will be applied and not construed.

The statute in question is our Uniform Controlled Substances Act, in particular *W. Va. Code*, 60A–2–210 [1987], which was amended in 1987 to include the drug Triazolam in the list of Schedule IV controlled substances.[2] *W. Va. Code*, 60A–2–210 [1987], states in pertinent part:

> der federal laws and notice thereof is given to the state board of pharmacy, the board shall recommend similar control of such substance to the Legislature, specifically stating that such recommendation is based on federal action and the reasons why the federal government deemed such action necessary and proper.

1. *W. Va. Code*, 60A–2–201 [1985] states in pertinent part:

(a) The state board of pharmacy shall administer the provisions of this chapter. It shall also, on the first day of each regular legislative session, recommend to the Legislature which substances should be added to or deleted from the schedules of controlled substances contained in this article or reschedule therein....
(d) If any substance is designated, rescheduled or deleted as a controlled substance un-

2. For a discussion of the framework of our Uniform Controlled Substances Act, *see State v. Zaccagnini*, 172 W.Va. 491, 308 S.E.2d 131 (1983).

(a) The controlled substances listed in this section are included in Schedule IV.

(b) Unless specifically excepted or unless listed in another schedule, any material, compound, mixture or preparation which contains any quantity of the following substances, including its salts, isomers and salts of isomers whenever the existence of such salts, isomers and salts of isomers is possible within the specific chemical designation: ...

(47) Triazolam.

The language of the statute is plain and simple and the intent of the legislature to include Triazolam is clear and unambiguous. We always endeavor to give effect to plain language of the statute.

 Ms. Boatright does not argue that *W. Va. Code,* 60A–2–210 [1987] is facially flawed. Rather she argues that the State Board of Pharmacy did not follow the procedures outlined in *W. Va. Code,* 60A–2–201 [1985] and, therefore, its recommendation that Triazolam be included as a Schedule IV controlled substance renders the inclusion of Triazolam unconstitutional. Her argument is without merit, because the legislature by amending the statute showed its intent to include Triazolam as a controlled substance. In Syllabus Point 4, *State v. Grinstead,* 157 W.Va. 1001, 206 S.E.2d 912 (1974), we held:

The constitutional prerequisite to a valid statute is that the law shall be complete when enacted.

In *Grinstead,* we found the attempt to adopt "future laws, rules or regulations of other states, or of the federal government, or of its agencies" to be unconstitutional "as an unlawful delegation of the legislative power." Syllabus Point 1, in part, *Grinstead, supra.* In the present case, the legislature specifically acted and approved an amendment to our Controlled Substances Act, which among other changes included Triazolam as a Schedule IV controlled substance.

One canon of statutory construction is to follow the statute's plain, unambiguous language. "When the statute is unambiguous on its face, there is no real need to consider its legislative history." *Cooper v.*

*Tazewell Square Apartments, Ltd.,* 577 F.Supp 1483, 1487 (W.D.Va.1984) *rev'd. on other grounds, Kennedy v. Block,* 606 F.Supp. 1397 (W.D.Va.1985); *Brown v. Porcher,* 502 F.Supp. 946, 955–56 n. 17 (D.S.C.1980), *aff'd. as modified,* 660 F.2d 1001 (4th Cir.1981) *cert. denied* 459 U.S. 1150, 103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). In Syllabus Point 4, *State ex rel. West Virginia Housing Development Fund v. Copenhaver,* 153 W.Va. 636, 171 S.E.2d 545 (1969), we held:

A fact once determined by the legislature, and made the basis of a legislative act, is not thereafter open to judicial investigation.

*See State ex rel. Ginsberg v. Naum,* 173 W.Va. 510, 318 S.E.2d 454 (1984).

"Under the West Virginia Constitution, Article VI, Section 1, and Article V, Section 1—the latter insuring separation of powers among the legislative, the executive and judicial branches of government—enactment of criminal statutes is solely a legislative function. (Citations omitted)." *Grinstead,* 157 W.Va. at 1013, 206 S.E.2d at 920. The legislature can suggest procedures to receive recommendations for proposed laws in order to expedite its processes. However, only the legislature possesses the sole power to make laws. Even it is not an absolute or unlimited power, for example, the West Virginia Constitution, Article VI, sets forth the procedures that the legislature must follow and the legislature cannot "give away or sell the discretion of subsequent legislatures in respect to matters, the government of which from the very nature of things must vary in varying circumstances." *State ex rel. Dyer v. Sims,* 134 W.Va. 278, 293, 58 S.E.2d 766, 775 (1950) *rev'd. on other grounds,* 341 U.S. 22, 71 S.Ct. 557, 95 L.Ed. 713 (1951).

The alleged failure of the State Board of Pharmacy to follow the procedures outlined in *W. Va. Code,* 60A–2–201 [1985], does not make a properly enacted statute unconstitutional. The recommendations of the State Board of Pharmacy to amend the statute are mere recommendations. When a statute is unambiguous on its face, there is no need to consider the genesis of the

idea behind the statute. In the present case, we hold that the alleged procedural problems in the State Board of Pharmacy's recommendations to amend the statute, do not make *W. Va. Code*, 60A–2–210 [1987] unconstitutional because the legislature properly adopted the amendment to *W. Va. Code*, 60A–2–210.

For the above stated reasons the judgment of the Circuit Court of Roane County is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and Remanded.