413 S.E.2d 183

**STATE of West Virginia ex rel. Stephanie BAILEY, Petitioner,**

v.

**Richard FACEMIRE, Prosecuting Attorney for Clay County, Respondent.**

and

**Lana Jean JUSTICE and Marcella Laverne Stevens, Petitioners,**

v.

**David D. THOMPSON, Assistant Prosecuting Attorney of Wyoming County and William Kendrick King, Assistant Prosecuting Attorney of McDowell County, Respondents.**

Nos. 20611, 20658.

Supreme Court of Appeals of West Virginia.

Submitted Dec. 3, 1991.

Decided Dec. 20, 1991.

Brenda Waugh, Legal Aid Soc. of Charleston, Charleston, for Stephanie Bailey.

Richard Facemire, pro se.

Norman Googel, Appalachian Research and Defense Fund, Inc., Welch, for Laura Jean Justice and Marcella Laverne Stevens.

David G. Thompson, pro se.

William Kendrick King, pro se.

WORKMAN, Justice:

This original proceeding involves the filing of two separate petitions seeking writs of mandamus to prohibit the respondent prosecuting attorney and assistant prosecuting attorneys from representing persons in domestic cases under certain circumstances. Petitioners argue that prosecutors should be required to refrain from representing persons in divorce and child custody cases where there have been, presently are, or where there is reason to believe that allegations of family violence, spousal abuse, criminal conduct, non-payment of child support, or other similar matters are in issue. Based on the potential for conflicts of interest presented by the prosecutor's dual role of representing the

state in criminal matters as well as representing the interests of a civil client in a domestic proceeding, we hold that a prosecuting attorney has an obligation to use reasonable efforts to ascertain whether there is an actual or potential conflict prior to accepting representation of a civil client. When such a conflict or potential conflict presents itself, the prosecutor must, depending on the circumstances, either refrain from accepting representation or withdraw as counsel. In the event the conflict arises during the course of representation, the prosecuting attorney has an affirmative obligation to seek appointment of a special prosecuting attorney and remove himself from the case in all respects. Accordingly, we grant the requested writs of mandamus.

We treat these two separate petitions seeking writs of mandamus as consolidated, given the similar factual and legal issues raised in these petitions. The underlying facts pertinent to each petitioner's claim will be set forth as the preface for the legal discussion which follows.

### Stephanie Bailey

On September 9, 1991, Petitioner Bailey, who resides in Clay County, West Virginia, filed a domestic violence petition under the Prevention of Domestic Violence Act (the "Act"), West Virginia Code §§ 48–2A–1 to –11 (Supp.1991) wherein she claimed that her husband had abused her within the meaning of West Virginia Code § 48–2A–2.[1] Petitioner Bailey charged specifically in her domestic violence petition that her husband had abused her by threatening to kill her and to kidnap their infant son. On the same date on which the petition was filed, petitioner Bailey separated from her husband and such separation has continued without interruption since that date.

On September 13, 1991, Clay County Magistrate Betty Taylor held a hearing on the domestic violence petition filed by Ms. Bailey. Magistrate Taylor found that Mr. Bailey had abused the petitioner within the meaning of West Virginia Code § 48–2A–2. Based on this finding, the magistrate entered an order granting petitioner an injunction against her husband, custody of the infant child, and child support for sixty days. Ms. Bailey was not represented by counsel at the domestic violence hearing.

Prior to the initiation of the domestic violence petition, petitioner had filed a divorce complaint, dated August 21, 1991, predicated on grounds of irreconcilable differences and cruelty within the meaning of West Virginia Code § 48–2–4(a)(4) (1986). Mr. Bailey had retained Richard Facemire, Prosecuting Attorney for Clay County, as counsel to represent him in connection with the divorce proceedings initiated by Ms. Bailey. Upon receiving notification of the domestic violence action, Prosecutor Facemire, as counsel for Mr. Bailey, filed a notice of bona fide defense and a motion for temporary custody on September 24, 1991.

On October 17, 1991, the State of West Virginia, through Child Advocate Robert Sowa, moved to intervene in the divorce proceedings based on the fact that Ms. Bailey is a recipient of public assistance who has assigned her rights of child support to the West Virginia Department of Health and Human Resources in connection with her receipt of Aid for Dependent Children payments. On October 9, 1991, petitioner filed a "Motion for Withdrawal of Defendant's Counsel" requesting the court to order the withdrawal of Mr. Facemire from further representation of Mr. Bailey in the divorce proceeding based on an alleged conflict of interest between the Rules of Professional Conduct and the statutory provision governing prosecutorial duties.

---

**1.** West Virginia Code § 48–2A–2 defines abuse as follows:

 (a) " 'Abuse' " means the occurrence of one or more of the following acts between family or household members who reside together or who formerly resided together:

 (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury with or without dangerous or deadly weapons;

 (2) Placing by physical menace another in fear of imminent serious bodily injury;

 (3) Creating fear of bodily injury by harassment, psychological abuse or threatening acts;

 (4) Sexual abuse.

*See* West Virginia Code § 7–4–1 (1990). Following a hearing on October 18, 1991, the Honorable Judge Danny O. Cline denied petitioner's motion seeking Mr. Facemire's withdrawal. The lower court reasoned that the "potential or actual conflict of interest presented in this matter is not substantial enough to mandate the withdraw [sic] of defendant's counsel."

### Lana Jean Justice

Petitioner Justice has two children by her husband, ages nine and five, and has been separated from Mr. Justice continuously since March 1, 1991. On April 15, 1991, petitioner Justice filed an irreconcilable differences divorce petition. On that same date, Mr. Justice filed a pro se answer to the divorce petition, admitting irreconcilable differences. On July 2, 1991, David G. Thompson, Assistant Prosecuting Attorney of Wyoming County, filed an amended answer and counterclaim on behalf of Mr. Justice.

On July 17, 1991, petitioner Justice filed a domestic violence petition pursuant to the Act charging spousal abuse within the meaning of West Virginia Code § 48–2A–2. *See* n. 1, *supra.* Her specific allegations of abuse included statements that Mr. Justice has a serious drug problem, that the trailer in which they reside should be condemned, that an infant daughter of the parties was in danger in Mr. Justice's presence, and that she had been physically abused.

On July 24, 1991, a hearing took place on the domestic violence petition before Wyoming County Magistrate John Daniels. Magistrate Daniels found that Mr. Justice had abused petitioner Justice within the meaning of West Virginia Code § 48–2A–2 and entered an order granting petitioner a restraining order against her husband and custody of the infant children for sixty days. Mr. Justice was granted periodic visitation with the children. Mrs. Justice was unrepresented by counsel at the domestic violence hearing. Although Mrs. Justice's petition states that Mr. Justice was represented at the hearing by Prosecutor Thompson, Mr. Thompson, in his answer to the petition, denies that he represented Mr. Justice at the domestic violence hearing. Mr. Thompson contends that he was present in the courtroom only during that period of the proceedings in which the presiding magistrate granted relief to the parties and was present at that time to receive a copy of the order granting such relief. Mr. Thompson explains that he was not present, however, during the presentation of evidence of abuse or any defense thereto.

Subsequent to the July 24, 1991, hearing, Mr. Justice filed felony criminal charges against petitioner Justice in the Logan County Magistrate Court charging petitioner with interfering with rights awarded him by the Wyoming County Magistrate Court. The charges were filed following the refusal of the parties' daughter to go with Mr. Justice for court-ordered weekend visitation. A Logan County magistrate subsequently dismissed these charges on September 5, 1991, after finding that they were unsupported.

### Marcella Laverne Stevens

On July 16, 1991, Prosecutor King caused a summons and divorce complaint to be served upon petitioner Stevens on behalf of his client, Mr. Stevens. In the divorce complaint, Mr. Stevens alleged that petitioner had been "abusive, harmful, neglectful and hurtful physically and emotionally to said child," and that "petitioner has become addicted to the use of alcohol and/or drugs ... and is rendered unfit and willfully addicted by virtue of such condition."

On August 13, 1991, petitioner Stevens filed a domestic violence petition pursuant to the Prevention of Domestic Violence Act, claiming that her husband had abused her within the meaning of West Virginia Code § 48–2A–2. Specifically, petitioner Stevens alleged that Mr. Stevens had threatened physical abuse, committed physical abuse, and kidnapped their child. A hearing occurred on this petition before McDowell County Magistrate Shirley Pickett on August 19, 1991. Magistrate Pickett found that Mr. Stevens had abused the petitioner within the meaning of West Vir-

ginia Code § 48–2A–2 and entered an order granting petitioner an injunction against her husband and custody of her minor child for sixty days. Although petitioner was unrepresented at the domestic violence hearing,[2] Mr. Stevens was represented by William Kendrick King, the assistant prosecuting attorney of McDowell County.

\* \* \* \* \* \*

Petitioners collectively argue that prosecuting attorneys and their assistants should not be permitted to represent persons charged with family violence or abuse in proceedings brought under the Act.[3] As support for this proposition, petitioners cite the inevitable conflict that arises when a prosecuting attorney or an assistant prosecuting attorney has the duty to prosecute a defendant in a criminal contempt proceeding arising from a violation of the Act's provisions and that same defendant is the prosecutor's client in a pending civil domestic proceeding.

 The duties of a prosecuting attorney are set forth in West Virginia Code § 7–4–1 (1990). Among these duties is a nondiscretionary obligation to institute criminal proceedings against persons whom the prosecutor has reason to believe have violated a criminal statute. *See State ex rel. Ginsberg v. Naum*, 173 W.Va. 510, 318 S.E.2d 454 (1984); *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 278 S.E.2d 624 (1981). Prosecuting attorneys are similarly required to prosecute defendants in criminal contempt proceedings. *See State ex rel. Koppers Co. v. International Union of Oil, Chem. and Atomic Workers*, 171 W.Va. 290, 298 S.E.2d 827 (1982).

Violation of the terms of a protective order entered pursuant to the Act can result in criminal penalties as set forth in West Virginia Code § 48–2A–11:

> Any person who shall knowingly and willfully violate the terms of a protective order which provides the relief authorized by subdivisions (1), (5) or (7), subsection (a), section six [§ 48–2A–6(a)(1), (5) or (7) ] of this article shall be guilty of a misdemeanor, and, upon conviction thereof, shall be confined in the county jail for not more than thirty days, or fined not more than five hundred dollars, or both fined and imprisoned. Provided, That any person who shall abuse another person in knowing and willful violation of the terms of a temporary order or protective order issued under the provisions of this article shall be guilty of a misdemeanor, and, upon conviction thereof, shall be confined in the county jail for a period of not less than one day nor more than thirty days, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

---

**2.** Prosecutor King takes issue with petitioner's statement that she was unrepresented at the domestic violence hearing. While he admits that she did not have legal counsel at the hearing, he contends that she did have a "lay advocate" from Stop Abusive Family Environments ("S.A.F.E.") and further that a S.A.F.E. lay advocate routinely appears at hearings of this nature to represent the female party.

**3.** Specifically, Petitioner Stephanie Bailey requests this court to require prosecutors to refrain from representing persons in divorce and child custody cases involving allegations of family violence and spousal abuse, criminal conduct, nonpayment of child support, or other matters in which prosecuting attorneys have a duty to represent the state. Petitioner Bailey also requests that we prevent prosecutors from representing persons where the state has moved to intervene in a divorce proceeding. Petitioner Bailey recognizes that although a prosecutor should not necessarily be prohibited from representing parties in all domestic relations cases, there is a likelihood that conflicts will arise when prosecutors represent parties in domestic relations cases where the opposing party has made allegations of spousal abuse which may constitute criminal conduct.

Likewise, Petitioners Lana Jean Justice and Marcella Laverne Stevens contend that when prosecutors represent private parties in domestic violence and contested divorce and child custody proceedings, conflicts between their duty to the state and their duty to the private clients are clear and irreconcilable. Petitioners Justice and Stevens consequently request this Court to prevent the respondent prosecutors from representing persons charged with family abuse and other acts of violence or persons in contested divorce proceedings involving allegations of family violence, spousal abuse, criminal conduct, parental unfitness, child abuse or neglect, or other such matters.

Based in part on this subsection of the Act as well as subsection 7, which provides for criminal contempt proceedings upon violation of orders issued pursuant to the Act,[4] petitioners argue that because prosecuting attorneys are required to prosecute the abusive parties if the protective orders entered pursuant to the Act are violated or criminal contempt proceedings are brought, all prosecutors and their assistants should be prohibited from representing persons charged with abuse in proceedings brought pursuant to the Act. *See* West Virginia Code §§ 48–2A–2, –7, –11.

In response to the arguments raised by petitioners, respondents point out that legislation permitting part-time prosecutors and their part-time assistants to engage in civil practice aside from their public duties was designed to enable sparsely-populated counties to attract competent legal counsel as prosecutors and assistants. Furthermore, they assert that the potential for conflict of interest is endemic to the legal system as a whole. Citing Rule 1.11 of the West Virginia Rules of Professional Conduct,[5] the prosecutors contend that it is their ethical responsibility when they find themselves in situations involving conflict which are irreconcilable to withdraw from representation or prosecution of any portions of the complaint and seek the appointment of special counsel.

It is clearly the ethical duty of prosecuting attorneys to remove themselves from legal representation of any interests in conflict with their responsibilities as lawyers for the state. The problem here, however, is that the respondents fail to see the obvious conflicts involved in the factual scenarios before us.

In the cases where private representation was undertaken prior to the filing of a domestic violence petition, such petition should have put the prosecutor on notice that there was a likelihood that his private representation of the party against whom allegations of abuse had been made could conflict with his duties as a prosecutor. In cases where domestic violence petitions have been filed prior to the time a prosecutor undertook to represent the alleged abuser, the existence of such a petition certainly should create a red flag of conflict.

In at least one of these cases the prosecutor, acting as a private attorney in the domestic context, made allegations of abuse and/or child neglect against the opposing party. This is of concern, for if the prosecutor had evidence to support such a contention, he should have filed a neglect and abuse petition;[6] if there was no real evidence to support such an allegation, the implied threat of such an allegation from the prosecutor certainly might chill the vigorous exercise of legal rights by the party against whom such charges are made. What is most distressing about these respondents failing to discern a conflict in these situations is that it may be indicative of the level of importance placed by many having prosecutorial authority on the issue of domestic abuse.

Rule 1.11 of the Rules of Professional Conduct prohibits lawyers, including prosecuting attorneys and their assistants, from

---

4. West Virginia Code § 48–2A–7 provides that

(a) Upon violation of any order issued pursuant to this article, the court shall, upon the filing of appropriate pleadings by or on behalf of any aggrieved party, issue an order to show cause why the person violating any provisions of the court's order should not be held in contempt of court and set a time for a hearing thereon within five days of the filing of said motion.

(b) Notwithstanding any other provision of law to the contrary, any sentence for contempt hereunder may include imprisonment up to thirty days and a fine not to exceed one thousand dollars or both. In lieu of confinement, the court may allow the contemnor to post bond as surety for the faithful compliance with the orders of the court.

5. Rule 1.11 of the West Virginia Rules of Professional Conduct provides, in pertinent part, as follows:

(a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation.

6. *See* W.Va.Code § 49–6A–2 (1986), which provides that certain classes of individuals are re-

representing private clients in connection with any "matter in which the lawyer has participated personally and substantially as a public officer or employee." The comment accompanying Rule 1.11 explains that this rule "prevents a lawyer from exploiting public office for the advantage of a private client." The comment further provides:

> Where the successive clients are a public agency and a private client, the risk exists that power or discretion vested in public authority might be used for the special benefit of a private client. A lawyer should not be in a position where benefit to a private client might affect performance of the lawyer's professional functions on behalf of public authority. Also, unfair advantage could accrue to the private client by reason of access to confidential government information about the client's adversary obtainable only through the lawyer's government service.

The same principles which underlie Rule 1.11 compelled the West Virginia State Bar Commission on Legal Ethics ("Ethics Commission") to issue a legal opinion prohibiting family law masters, who, like prosecutors, are permitted to engage in private law practices, from representing respondents charged with family violence and abuse in proceedings brought under the Act. In finding that this practice was prohibited, the Ethics Commission held: "Public legal officials who maintain private law practices should not represent private clients when such representation would likely cause them to recuse themselves later as public officials." W.Va.Comm. on Legal Ethics, Formal Op. 2 at 3 (1988).

Of further benefit to this issue is Rule 1.7(b) of the Rules of Professional Conduct which provides that: "A lawyer shall not represent a client if the representation of client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: ... a client consents after consultation." Petitioners analogize the absolute ban on prosecutor representation of criminal defendants to the situation at hand. See W.Va.T.C.R. IV(c).[7] Petitioners argue that in both instances the state is the client being served when a prosecuting attorney is executing his/her duty, and because the state cannot consent to conflicts, it necessarily follows that the dual representation undertaken by the respondent prosecutors is prohibited. See W.Va. R.Prof. Conduct 1.7(b).

That limitations must be placed upon a prosecutor who engages in private practice is well-established. In *Ganger v. Peyton*, 379 F.2d 709 (4th Cir.1967), the court examined a case where a prosecutor represented a woman in a divorce action against her husband while concurrently prosecuting the husband for assaulting the woman in a criminal action. The Fourth Circuit Court of Appeals held that this representation violated the defendant's right to due process as guaranteed by the fourteenth amendment and that the prosecutor should not have undertaken representation of the wife in this context. *Id.* at 714. Both the State Ethics Commission and the American Bar Association Commission on Professional Ethics have previously rendered opinions stating that a prosecutor's private practice must be limited whenever there is a conflict or an opportunity for a conflict. See W.Va. Comm. on Legal Ethics, Formal Op. 20 (1955) (unethical to prosecute an accused in a criminal case and then represent his interests in a civil case); W.Va.Comm. on Legal Ethics, Formal Op. 2 (1952) (unethical to participate in a personal injury or property damage suit in any case where the injury was previously investigated by a prosecutor); ABA Comm. on Professional Ethics, Informal Op. 922 (1966) (unethical to represent a party in a divorce when a member of the prosecutor's staff may later

quired to report suspected child abuse or neglect.

**7.** Rule IV of the West Virginia Trial Court Rules provides, in pertinent part, that:

(c) Neither the prosecuting attorney, nor the assistant prosecuting attorney of this county, nor the office associate or partner of either the prosecuting attorney or assistant prosecuting attorney of this county shall appear as counsel for defendant in any criminal case pending in this court, nor shall the prosecuting attorney or assistant prosecuting attorney of any other county appear for the defendant in a criminal case pending in this court.

be required by law to represent the obligee in a spousal or child support action).

▮▮▮ Restrictions on prosecutors' private practices are necessary because prosecutors are required by law to represent the state in the prosecution of crimes and in performing the myriad other duties imposed on them by law, including those in a domestic context. Accordingly, the objectives which we seek are to avoid conflicts of interest and infringement upon the prosecutor's duty to represent the people of this state. In the interest of both avoiding and eliminating any conflict with the prosecutor's paramount duty to institute criminal proceedings against persons whom the prosecutor has reason to believe have violated laws which are either criminal in nature or carry criminal penalties, including contempt, we hereby determine that a prosecuting attorney[8] is required to withdraw from representing a private client in a domestic proceeding in the event the attorney identifies a potential or actual conflict of interest between his duties owed to the state and the interests of the private client. A prosecuting attorney is required to use reasonable efforts to investigate whether conflicts of interest either are present or have the potential of arising prior to undertaking representation of private clients in domestic proceedings. "Reasonable effort" entails a review of pertinent records in the prosecuting attorney's office and other court records to ascertain whether a party to the subject or prospective litigation has filed a petition pursuant to the Act, a petition alleging failure to pay child support, or has initiated any other civil or criminal proceeding which has the potential of involving the prosecutor's office for enforcement purposes. In the event a prosecuting attorney agrees to represent a private client in a domestic proceeding and no conflict of interest is apparent but subsequently arises, the prosecuting attorney must seek appointment of a special prosecuting attorney and remove himself from the case in all respects.

Based on the foregoing opinion, the writs of mandamus requested by petitioners are hereby granted.

Writs granted.

---

8. For purposes of this opinion, the term prosecuting attorney includes an assistant prosecuting attorney.