995 F.2d 1062
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald P. FEDORYK, Petitioner-Appellant,
v.
James B. DUDLEY; James N. Rollins; J. Joseph Curran, Jr.,
Attorney General for the State of Maryland,
Respondents-Appellees.
 No. 92-7129.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1993
Decided: June 9, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-91-3109-HAR)
 Glen Marcus Fallin, Ellicott City, Maryland, for Appellant.
 Kreg Paul Greer, Assistant Attorney General, Office of the Attorney General, Baltimore, Maryland, for Appellees.
 J. Joseph Curran, Jr., Attorney General of Maryland, Office of the Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Ronald Fedoryk challenges the district court's order denying his request for habeas relief from a Maryland state court conviction for Driving Under the Influence (DUI). On appeal, Fedoryk presents three issues for review: (1) whether his due process rights were violated when an attorney he had previously consulted, but had not retained, regarding his DUI charges, later prosecuted his case; (2) whether he had a due process right to have a chemical test administered after his arrest for DUI; and (3) whether he was entitled to a new trial because the prosecutor violated a suppression order forbidding any inquiry into Fedoryk's alleged refusal to take a chemical test. Finding no error, we affirm.
 
 I.
 
 2
 In the early hours of December 24, 1989, Fedoryk was arrested for Driving While Intoxicated (DWI) and Driving Under the Influence (DUI). Fedoryk approached attorney B.L. Taylor about representing him in connection with these charges. During a short meeting with Taylor, Fedoryk "related to Mr. Taylor all facts within [his] knowledge that were pertinent to the subject charges," but "admitted no guilt and stated no facts from which guilt of any criminal wrongdoing could have been inferred." (J.A. at 63.) Upon his discovery that the incident arose in Howard County, Maryland, Taylor declined representation because he was a part-time prosecutor for Howard County. At that point, Taylor referred Fedoryk to another attorney. During the first day of his trial in circuit court,[1] Fedoryk recognized the prosecuting attorney as Taylor, but only made a complaint to the court upon his conviction.[2]
 
 
 3
 Prior to trial, the circuit court granted Fedoryk's motion for suppression of any evidence concerning his alleged failure to consent to a chemical test. During the trial, however, Taylor asked the arresting officer, Officer Martin, if he informed Fedoryk of his right to a chemical test and Officer Martin responded that he had. Fedoryk's objection to this question was sustained, but he did not request a mistrial.
 
 
 4
 Fedoryk was subsequently convicted of DUI and was sentenced to 60 days with all but 16 days suspended. He filed a motion for a new trial alleging that Taylor's participation in his prosecution and the violation of the suppression order denied him due process of law. He also alleged that his due process rights had been violated because Fedoryk had requested that he be allowed to take a chemical test to prove his innocence, but had been denied the opportunity to do so. This motion was denied, as were Fedoryk's subsequent requests for a petition for a writ of certiorari from the Maryland Court of Appeals and a petition for a writ of habeas corpus from the United States District Court for the District of Maryland. Fedoryk now appeals.
 
 II.
 
 5
 Fedoryk first argues that he is entitled to relief because Taylor's participation in his prosecution deprived him of due process of law as guaranteed by the Fourteenth Amendment. This court previously has held that "due process is violated when an attorney represents a client and then participates in the prosecution of that client with respect to the same matter." United States v. Schell, 775 F.2d 559, 566 (4th Cir. 1985), cert. denied, 475 U.S. 1098 (1986). The essential question on this issue is whether Taylor ever "represented" Fedoryk in this matter.
 
 
 6
 Under Maryland law, an attorney-client relationship exists if the advice of counsel is "sought and received." Crest Inv. Trust, Inc. v. Comstock, 327 A.2d 891, 902 (Md. Ct. App. 1974). Although the fiduciary relationship existing between attorney and client encompasses preliminary consultations, if
 
 
 7
 the attorney made it clear to the would-be client that there is no attorney-client relationship and if the evidence further reflects that the would-be client should have known that the relationship had not advanced to the point at which it could be deemed a representation, then there would be no attorney-client relationship despite the would-be client's subjective belief.
 
 
 8
 Green v. Montgomery County, 784 F. Supp. 841, 845-46 (M.D. Ala. 1992).
 
 
 9
 The record clearly demonstrates that no attorney-client relationship ever existed between Fedoryk and Taylor. While Fedoryk may have sought legal assistance from Taylor, he did not receive any. Crest Invest., 327 A.2d at 902. Taylor informed Fedoryk after briefly hearing his recitation of the facts that he could not represent Fedoryk due to a potential conflict of interest.[3] Thus, their relationship had not advanced to the point where it "could be deemed a representation," Green, 784 F. Supp. at 846, and Fedoryk's due process rights were not infringed by Taylor's participation in his trial, Schell, 775 F.2d at 566.
 
 
 10
 The rule in Schell is based upon the concepts that a client has a right to be secure in his knowledge that secrets he divulges to his attorney will remain confidential and that the attorney-client relationship is severely compromised when the attorney switches sides, thereby prejudicing his former client. 775 F.2d at 565. Fedoryk admittedly did not divulge any secrets or confidences to Taylor and Taylor did not embark upon any representation of Fedoryk. Therefore, Fedoryk was not prejudiced in any manner by Taylor's actions and the policy concerns in Schell have not been offended. Furthermore, Taylor did not recall meeting Fedoryk and Fedoryk made no attempt to alert either Taylor or the trial judge of his consultation with Taylor until after the trial had ended. Under the totality of these circumstances, Fedoryk is not entitled to a new trial due to Taylor's role in the case.[4]
 
 III.
 
 11
 Fedoryk's second argument is that his due process rights were violated when Officer Martin would not allow him to take a chemical test. Fedoryk argues that, although he initially refused Officer Martin's offer of a chemical test because he wanted to consult an attorney, almost two hours later he requested that a test be performed. Officer Martin refused.
 
 
 12
 Fedoryk did not raise this issue at trial. Instead, he chose to forego this argument and filed a motion in limine seeking to suppress any evidence concerning whether he refused to take a chemical test. In his brief, Fedoryk stated that this was a strategic choice, designed to prevent a credibility contest with Officer Martin over whether he consented to a chemical test. After this tactic proved unsuccessful, Fedoryk requested a new trial in order to argue before a jury that he had not been drinking and had been intentionally denied the opportunity to prove his innocence by Officer Martin's refusal to allow him to take a chemical test.
 
 
 13
 A petitioner may not raise an issue in federal habeas proceedings that he did not raise at trial in the original state proceeding unless he can show cause and prejudice. Williams v. Dixon, 961 F.2d 448, 458 (4th Cir. 1992). We find this rule especially compelling in a case such as this one, where Fedoryk made a decision to forego an argument he could have made at trial in favor of another argument, and, now that his trial strategy failed, he wants a new trial on the abandoned argument. Reed v. Ross, 468 U.S. 1, 14 (1984). Inasmuch as Fedoryk has failed to show cause or actual prejudice, he has waived the right to pursue this issue. Williams, 961 F.2d at 458.
 
 
 14
 Even if Fedoryk had not waived this issue on appeal, the due process clause does not require police agencies to administer a chemical test upon the demand of an individual arrested for DUI. Arizona v. Youngblood, 288 U.S. 51, 59 (1988). The cases cited by Fedoryk to the contrary are inapposite because they concern only an individual's right to consult with an attorney prior to taking a chemical test, not an individual's due process right to take the test. Brosan v. Cochran, 516 A.2d 970, 975-76 (1986); Sites v. Sites, 481 A.2d 192, 200 (Md. 1984).
 
 IV.
 
 15
 Finally, Fedoryk argues that Taylor's violation of the suppression order entitled him to a mistrial and new trial. In this habeas proceeding, the district court, adopting the magistrate judge's recommendation, refused to address this issue on the ground that the Maryland circuit court denied this claim based on a state law procedural bar, namely Fedoryk's failure to request a mistrial at the time of the violation in question. The magistrate's recommendation complies with Maryland's contemporaneous objection rule, which requires a party seeking specific relief from a trial error to "make known to the court the action the party desires the court to take" at the time of the ruling the party seeks to challenge. Md. Rule 4-323(c).
 
 
 16
 A federal court "will not review a question of federal law decided by a state court if the decision of the court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 111 S. Ct. 2546, 2553-54 (1991). Denying a claim because a party failed to comply with a state's contemporaneous objection requirement is an adequate and independent state ground for the denial of federal habeas relief. Wainwright v. Sykes, 433 U.S. 72, (1977).
 
 V.
 
 17
 For the reasons stated above, the order of the district court denying Fedoryk's petition for a writ of habeas corpus is affirmed.
 
 AFFIRMED
 
 
 [1]
 Fedoryk had been previously convicted of DWI in Maryland district court. He was then granted a trial de novo in Maryland circuit court pursuant to Md. Ct. & Jud. Proc. Code §§ 12-401(a) and 12-403(a) (Michie 1989 & Supp. 1992). Fedoryk's only challenge on appeal is to his conviction in circuit court
 
 
 [2]
 Taylor did not serve as the prosecutor in Fedoryk's trial before the district court
 
 
 [3]
 The more prudent practice may be for part-time prosecutors not to act as a criminal defense attorneys because of the inherent conflict in representing a person accused of violating the state's law when the attorney has been sworn to enforce those laws by prosecuting individuals who violate them. Goodson v. Peyson, 351 F.2d 905, 907-09 (4th Cir. 1965). However, there is no per-se rule prohibiting a part-time prosecutor from representing individuals charged with commission of a crime if the crime occurred in a county other than the county in which the attorney serves as a prosecutor. Bumgardner v. State, 401 N.W.2d 211, 213-14 (Iowa Ct. App. 1986). When a part-time prosecutor is also engaged in private practice, he should take reasonable care to establish an office screening mechanism to enable the attorney to determine whether an actual or potential conflict of interest exists before accepting representation. State ex rel. Bailey v. Facemire, 413 S.E.2d 183, 185 (W. Va. 1991). The attorney should also immediately inform the prospective client that he is employed as a part-time prosecutor. See Goodson, 351 F.2d at 909 n.8
 
 
 [4]
 We also note that at the time of Taylor's prosecution, Fedoryk had already lost one trial in Maryland district court. Therefore, anyone prosecuting Fedoryk in circuit court would have access to his defense