# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 15-0152** (Mercer County 14-F-140-WS)

**Daniel C.,**
**Defendant Below, Petitioner**

**FILED**

January 11, 2016
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Daniel C.,[1] by counsel R. Thomas Czarnik, appeals the Circuit Court of Mercer County's March 31, 2015, order resentencing him upon his conviction of seven counts of first-degree sexual abuse and five counts of sexual abuse by a parent. The State, by counsel Laura Young, filed a response in support of the circuit court's order. Petitioner filed a supplemental appendix. On appeal, petitioner argues that the circuit court: 1) erred in making evidentiary rulings; 2) failed to dismiss count nine of the indictment; and 3) erred in permitting the State to ask the victims leading questions. Petitioner also argues that his sentence was excessive.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2012, the West Virginia State Police initiated an investigation upon receiving allegations that petitioner inappropriately touched four children. As part of the initial investigation, petitioner gave a statement to Trooper Lamont Lee. Thereafter, on January 3, 2013, petitioner voluntarily met with Sergeant Melissa Clemons of the West Virginia State Police for the purpose of taking a polygraph examination. During the "pre-interview" procedure,

---

[1]"We follow our past practice in . . . cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. W.Va. Dep't of Human Servs. v. Cheryl M.,* 177 W.Va. 688, 689 n. 1, 356 S.E.2d 181, 182 n. 1 (1987) (citations omitted). *See also State v. Edward Charles L.,* 183 W.Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n. 1 (1990) ("Consistent with our practice in cases involving sensitive matters, we use the victim's initials. Since, in this case, the victim . . . [is] related to the [petitioner], we have referred to the [petitioner] by his last name initial."(citations omitted)).

petitioner decided to give a statement to Sergeant Clemons. Thereafter, in the course of giving his statement, petitioner admitted to inappropriately touching the children.

In June of 2014, the Mercer County grand jury indicted petitioner on six counts of first-degree sexual abuse, one count of first-degree sexual assault, and five counts of sexual abuse by a parent, guardian, custodian or person in position of trust to a child. The indictment charged that the sexual crimes occurred at various times beginning in 2006 through 2012, all with victims less than twelve years old.

Prior to trial, petitioner filed a motion to suppress his January 3, 2013, oral statement to Sergeant Clemons on the ground that Sergeant Clemons failed to produce a videotaped copy of the interview. On October 21, 2014, the circuit court held a hearing on petitioner's motion during which it heard testimony from Sergeant Clemons, Sergeant Robert Richards, and petitioner. After considering all of the testimony, the circuit court denied petitioner's motion to suppress his oral statement given to Sergeant Clemons finding that the video recording "[was] not crucial or exculpatory evidence for either the State of the [petitioner.]" Furthermore, the circuit court found that petitioner gave his statement freely and voluntarily. Petitioner's jury trial commenced in November of 2014. Following a three-day trial, a jury convicted petitioner on all counts, including the lesser included offense of first-degree sexual abuse for count nine of the indictment.[2]

Thereafter, petitioner filed a motion for new trial arguing that the circuit court erred in: 1) refusing to admit exhibits and the transcript of an interview conducted by Trooper Lee on the ground of hearsay; 2) refusing to admit an interview of an alleged victim R.F. on the grounds that it was cumulative; 3) denying his motion to dismiss Count nine; 4) admitting his statement made to Sergeant Clemons; and 5) allowing the State to ask the victims leading questions. By order entered on November 30, 2014, the circuit court sentenced petitioner to a cumulative sentence of 31 to 100 years of incarceration. The circuit court also denied petitioner's motion for new trial. This appeal follows.

On appeal, petitioner raises seven assignments of error. In his first and second assignments of error, petitioner argues that the circuit court made certain erroneous evidentiary rulings. This Court has explained that it affords great deference to evidentiary rulings made by a circuit court.

> "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds*, *State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

---

[2]Count nine of the indictment charged petitioner with first-degree sexual assault.

Syl. Pt. 1, *State v. Calloway*, 207 W.Va. 43, 528 S.E.2d 490 (1999). Stated another way:

> "The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard." Syllabus Point 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 9, *Smith v. First Community Bancshares, Inc.*, 212 W.Va. 809, 575 S.E.2d 419 (2002).

Petitioner's argument with respect to his first assignment of error is that the circuit court erred in excluding a copy of the transcript of the statement that he gave to Trooper Lee. Petitioner disputes the circuit court's finding that a copy of the transcript was hearsay. During the direct examination of Tpr. Lee, the State played for the jury the entire audio recording of petitioner's statement taken by Tpr. Lee during the underlying investigation which primarily focused upon petitioner's drinking habits. After the audio recording was admitted, petitioner's counsel sought to introduce as evidence a copy of the transcript, to which the State objected. With respect to the admission of the transcript of petitioner's statement, we agree with the circuit court's finding that the written transcript should be excluded because it was not the best evidence of petitioner's statement. "To be admissible as substantive evidence, a transcript of a tape recording must satisfy both the best evidence rule and the hearsay rule." *State v. Hardesty*, 194 W.Va. 732, 739, 461 S.E.2d 478, 485 (1995). Further, Rule 1002 of the West Virginia Rules of Evidence provides that "[a]n original . . . recording . . . is required in order to prove its content[.]" Here, the transcript of petitioner's statement to Tpr. Lee does not satisfy the best evidence rule as the original audio recording of petitioner's statement was the best evidence to prove its content.

In his second assignment of error, petitioner argues that the statement of R.F. (an alleged victim), wherein R.F. denied that petitioner abused her should have been admitted into evidence because it was exculpatory and necessary for impeachment purposes. Again, we agree with the finding made by the circuit court in excluding R.F's statement as cumulative. Rule 403 of the West Virginia Rules of Evidence provides that the court may exclude relevant evidence if it is cumulative. Upon review of the record, we find that petitioner's counsel conceded that the evidence he sought to introduce through R.F.'s statement had already been introduced through direct and cross-examination of other witnesses. Accordingly, we do not believe that the circuit court erred in excluding the transcript of petitioner's statement to Trooper Lee or R.F.'s statement.

We turn to petitioner's third assignment of error, in which he argues that the evidence presented by the State was insufficient to prove his guilt of first-degree sexual assault (count nine of the indictment) beyond a reasonable doubt. With regard to claims of sufficiency of the evidence in a criminal proceeding, we have explained that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all

the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Malfregeot*, 224 W.Va. 264, 685 S.E.2d 237 (2009). To convict petitioner of first-degree sexual assault, the State had to prove that petitioner engaged in "sexual intercourse" or "sexual intrusion" with another person. W. Va. Code § 61-8B-3(a)(1). "'Sexual intrusion' means any act between persons involving penetration, however slight, of the female sex organ . . . . by an object for the purpose of . . . gratifying the sexual desire of either party." W. Va. Code § 61-8B-1(8).

Following a thorough review of the record on appeal and the parties' arguments, we find no merit to petitioner's argument. The alleged victim testified that petitioner touched her "inside her private area" and that "[i]t hurt a little." Given this testimony, the jury heard sufficient evidence to find that petitioner's conduct amounted to sexual intrusion. Therefore, we reject petitioner's third assignment of error.

Next, petitioner argues that his statement to Sergeant Clemons should not have been admitted at trial because it was obtained in violation of his right to counsel. Petitioner asserts that he made his statement to Sergeant Clemons while he was represented by counsel in an abuse and neglect proceeding involving the same facts. Petitioner also notes that he did not waive his right to counsel. "The Sixth Amendment right to counsel attaches at the time judicial proceedings have been initiated against a defendant whether by way of formal charges, preliminary hearing, indictment, information, or arraignment." Syl. Pt. 1, *State v. Bowyer*, 181 W. Va. 26, 380 S.E.2d 193 (1989). This Court has also held that

the police may subsequently initiate a custodial interrogation of the accused regarding a wholly unrelated offense for which he or she has not been charged, provided that, prior to the interrogation, the accused is apprised of his . . . rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)[.]"

Syl. Pt. 2, in part, *State v. Blackburn*, 233 W.Va. 362, 758 S.E.2d 566 (2014). In this case, petitioner's Sixth Amendment right to counsel was not violated. At the time petitioner gave his statement to Sergeant Clemons, he was informed that he was not under arrest, he had signed a "Miranda Rights Form" acknowledging his rights, and the State had yet to initiate any criminal

4

proceedings against him.[3] Accordingly, we find no error in the circuit court's order denying petitioner's motion to suppress the inculpatory statement to Sergeant Clemons.

In his sixth assignment of error, petitioner argues that the circuit court erred in allowing the State to ask the alleged victims leading questions. Specifically, petitioner asserts that the victims were older than seven years old and "not of tender years." *See* Syl. Pt. 2, *Hendricks v. Monongahela West Penn Pub. Serv. Co.*, 111 W.Va. 576, 163 S.E. 411 (1932) ("[i]n the absence of special circumstances justifying it, the party introducing a witness should not be permitted to elicit the information he desires by leading questions.")

Rule 611(c) of the West Virginia Rules of Evidence provides that, although leading questions "should not be used on direct examination of a witness, an exception may be necessary to develop the witness' testimony." Further, "[t]he allowance of leading questions rests largely in the discretion of the trial court, and absent an abuse of such discretion, the trial court's ruling will not be disturbed." Syl. Pt. 6, *State v. Fairchild*, 171 W.Va. 137, 298 S.E.2d 110 (1982). Here, the record reveals that nine-year-old A.C. was hesitant to testify and often would give one-word answers. Further, petitioner's counsel admitted that A.C. was a child of tender years. Given these problems, we find that the circuit court did not abuse its discretion in allowing the State to ask this child-witness leading questions on direct examination as a means of developing her testimony.

Finally, petitioner argues that his sentence is constitutionally excessive. While petitioner argues that his crimes do not warrant a sentence equal to capital crimes, we find that his sentence is not appropriate for appellate review. "The Supreme Court of Appeals reviews sentencing orders, . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997). *Accord,* Syl. Pt. 1, *State v. James,* 227 W.Va. 407, 710 S.E.2d 98 (2011). "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius,* 225 W.Va. 716, 696 S.E.2d 18 (2010).

---

[3]Related to this assignment of error, petitioner makes a fleeting reference to this Court's holding in *State v. Osakalumi*, 194 W.Va. 758, 461 S.E.2d 504 (1995). In his brief to this Court, petitioner contends that "'bad faith' is not a requirement for prejudicial disposal of evidence," suggesting that the State withheld a copy of a videotaped recording of his statement The record on appeal is devoid of any evidence that a video recording existed. Inasmuch as the circuit court presumed that the video recording existed in denying petitioner's motion to suppress this evidence, we will not look behind the circuit court's decision. In this memorandum decision, we address only those grounds sufficiently briefed by petitioner. Petitioner's conclusory reference to "prejudicial disposal," is deficient as it is unsupported by citations to the appendix record on appeal or by meaningful argument. As this Court has explained, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . ." *State v. Kaufman*, 227 W.Va. 537, 555 n. 39, 711 S.E.2d 607, 625 n. 39 (2011) (*quoting United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)). *See also* Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure ("[t]he brief must contain an argument . . . .")

We first note that the sentences imposed by the circuit court for first-degree sexual abuse were consistent with the statute. West Virginia Code § 61-8B-7, provides for a sentence of imprisonment for "not less than five nor more than twenty-five years." Similarly, the sentences imposed for sexual abuse by a parent were consistent with the statute. West Virginia Code § 61-8D-5, provides for a sentence of imprisonment for "not less than ten nor more than twenty years." Additionally, "[w]hen a defendant has been convicted of two separate crimes, before sentenced is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does not provide, the sentences will run consecutively." Syl. Pt. 3, *Keith v. Leverette,* 163 W.Va. 98, 254 S.E.2d 700 (1979). Petitioner's sentences do not exceed the applicable statutory limits and are not based on any impermissible factor.

For the foregoing reasons, the circuit court's March 31, 2015, order, is hereby affirmed.

Affirmed.

**ISSUED: January 11, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II