judge Tucker,
(after stating the case,) proceeded; That the judge of the High Court of Chancery,’ ought aqt to have awarded the injunction prayed for, after the judgment in the action of account render had been *367 regularly and duly obtained, without any exceptions taken, either to the report of the proceedings of the auditors, a part of whom seem to have been nominated and agreed to by the parties, I am much disposed to think. For the action of account render comes the nearest to the proceedings in a Court of Equity, of any other that I recollect at the common law.. But the voluntary consent of the parties to the reference made by the High Court of Chancery to the final determination of Thomas Newton and William Pennock, judges chosen by the mutual act and consent of the parties, appears to me to do away the objection to the Court’s sustaining the bill, instead of dissolving the injunction upon the coming in of the answer of Brickhouse; and, though I was at first inclined to doubt whether the arbitrators had made an award or not, upon more mature consideration and inspection of it, I am satisfied it is a good award in equity, and therefore that the decree be affirmed.
Judge Roane.
The reference by consent in this case, is a waiver of the objection, (if it would otherwise have availed the appellant,) that the appellees were concluded by the decision in the action of account in Northampton Court. . This cause (the injunction) made the merits of that decision a part of the matter in controversy to be decided on in it; and the whole case, including this question of law, was transferred from the Court to the arbitrators.
The. award of the arbitrators (Newton and Pennóck) adopts the report of the commissioner Dunscomh as their report, and decides that vouchers were not necessary to-be produced, for the reasons stated in the latter part of the award. It is true it also submits to the Court the propriety of this decision in point of law, and, as a guide for the Court in declaring upon it, states the grounds and reasons of their opinion in this particular. *368 case, this award comes up to what seems to have been, required by this Court in the case of Pleasants v. Ross,(a) namely, that where an award is to be impeached on the ground of a mistake of the arbitrators as to . . facts or principles, such mistake ought to appear on the face °f tlie award itself; and that such mistake is not to-be proved by affidavits, which are only proper to establish ¡partiality or misbehaviour in the arbitrators, or the like.
The award before us then is final; but it has gone on to aid the Court (by stating a special matter on the face of the award itself) to decide whether the arbitrators were mistaken in the principles of their decision or not; and this brings us to that -question.
It seems to me, that for the reason assigned in the award itself, and more particularly for those assigned in the decree in question, vouchers were not necessary to be produced. Those reasons are, (as resulting from those two documents,) the situation of the times when the advances were made; that the appellant was a voluntary partner of the appellees, who acted as ship’s husband, with his consent and by his ratification; that, as a partner, he had always a right, and undoubtedly the opportunity to inspect the books of accounts; that, from the confidence resulting from his being a partner, the less care would have been taken by the appellees to‘preserve the vouchers, than would be thought necessary .in the case of unconnected strangers; that, from the nature of most of the articles mentioned in the account, they seem necessary for a schooner engaged as thq Buckskin was; and that it is unreasonable that the appellant, who had availed himself of the books of the appellees when in his. favour, should object to them on the ground of the want of vouchers, when they* went to charge him.
- On these grounds, I think the Court of Chancery rightly .judged that the principles on which the arbitrators went as to the point in. question, were not mistaken *369 lior illegal; and this opinion making the ¿ward perfect, the said Court was correct in decreeing pursuant thereto. I am therefore of opinion, that the decree shoukl he AFFIRMED.
Judge Fleming.
The reasons stated by the Chancellor himself, as the foundation of his decree, appear to be perfectly satisfactory. I have only to add, that the decree is to be affirmed, by the unanimous opinion of the Court.

 1 Wash. 158.