452 S.E.2d 893

**STATE of West Virginia ex rel. R.L., Petitioner**

v.

**Honorable Thomas A. BEDELL, Judge of the Circuit Court of Harrison County, and Steven R. Bratke, Court–Appointed Special Prosecuting Attorney for the State of West Virginia, Respondents.**

**No. 22495.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 1994.

Decided Dec. 8, 1994.

Concurring Opinion of Justice Cleckley Dec. 16, 1994.

---

Scot S. Dieringer, Clarksburg, for petitioner.

Steven R. Bratke, pro se.

NEELY, Justice:

R.L. seeks to prohibit his further prosecution under an indictment issued by the Harrison County Grand Jury during its May 1993 term because the indictment, although signed by the grand jury foreperson, did not contain the attestation of the Prosecuting Attorney of Harrison County to the signature of the grand jury foreperson as required by *W.Va. Code* 62–9–1 [1931]. The indictment against R.L. was sought, not by the prosecuting attorney but, by S.D.W.[1], a private citizen who alleges that approximately seventeen years ago, when she was five years old, R.L. sexu-

---

1. Consistent with our practice in cases involving sensitive matters, we use initials rather than full names. *See Matter of Scottie D.*, 185 W.Va. 191, 406 S.E.2d 214 (1991); *David M. v. Margaret M.*, 182 W.Va. 57, 385 S.E.2d 912 (1989).

ally assaulted her.[2] Because the proceedings in this matter resulted from a private citizen's presentation to the grand jury and no other irregularities appear, we find the prosecuting attorney's attestation of the grand jury foreperson's signature is not required when the indictment was sought from the grand jury by a private citizen if the indictment is otherwise attested to by the foreperson of the grand jury. To the extent our holding in this case contradicts our holdings in *State v. Davis*, 178 W.Va. 87, 357 S.E.2d 769 (1987), *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *State v. DeBoard*, 119 W.Va. 396, 194 S.E. 349 (1937), and *State v. Burnette*, 118 W.Va. 501, 190 S.E. 905 (1937), they are overruled.

I

In 1992, S.D.W. told a boy friend that she had been sexually abused as a child by R.L., the former husband of her now deceased sister. The boy friend told a relative of S.D.W. who, in turn, requested the police investigate the allegations. According to Sergeant Walker, the investigating officer who testified before the grand jury, and S.D.W., the alleged abuse occurred in the Spring/Summer of 1976 during family visits when S.D.W., who was then five years old, was left alone with R.L., her brother-in-law. Allegedly in several separate incidents, R.L. kissed and rubbed S.D.W. on the mouth, neck, chest and stomach. S.D.W. also alleges that on several occasions while both were wearing clothes, R.L. touched her with his penis and pressed himself against her vaginal area.

Except for S.D.W. and R.L., there were no other witnesses. When S.D.W. matured, she told her boy friends about the incidents to explain her aversion to being touched. At the request of the prosecuting attorney's office, S.D.W. went to a therapist who found that S.D.W. exhibits symptoms similar to those of a sexually abused person. S.D.W.'s description of the alleged abuse has remained constant.

Just before the September 1992 grand jury term, Sergeant Walker reported the results of his investigation to the prosecuting attorney's office. Because of the workload of the prosecuting attorney's office, the prosecuting attorney decided that there was insufficient time to study and consider the report and, therefore, he did not present this matter during the September 1992 grand jury term. Before the May 1993 grand jury term, S.D.W., at the prosecuting attorney's request, began seeing a therapist; however, by the May 1993 grand jury term, the prosecuting attorney had not received any information from the therapist. When S.D.W. presented the matter to the May 1993 Grand Jury, the prosecuting attorney maintained that he "has never refused to act" and "that this matter will be presented after we get the information to proceed, which should have already been provided."

Because the prosecuting attorney did not plan to present this matter during the May 1993 grand jury term, S.D.W. appeared before the grand jury and presented her complaint.[3] The grand jury returned an indictment charging R.L. with sexual abuse in the first degree. The indictment was signed by the grand jury foreperson, and on the reverse side thereof, the Clerk of the Circuit Court of Harrison County certified that the indictment was "a true copy of the indictment entered in the above-styled action on the 6th day of May, 1993." However, the prosecuting attorney did not attest to grand jury foreperson's signature.

On 7 June 1993, the prosecuting attorney moved to recuse his office from prosecuting this case and requested the appointment of a special prosecutor. On 28 June 1993, the circuit court granted the recusal motion and appointed Steven Bratke as special prosecu-

---

**2.** The indictment charged: "That ... [R.L.], on the ___ day of ___, 1976, in the said County of Harrison, did unlawfully, feloniously, wilfully and intentionally subject one ... [S.D.W.] to sexual contact, by forcible compulsion and without her consent, in violation of West Virginia Code 61-8B-6, against the peace and dignity of the State."

**3.** On 19 April 1993, the Circuit Court of Harrison County issued an administrative order outlining the procedures to be followed by a person wishing to appear before a Harrison County Grand Jury. The petition does not allege any irregularities concerning these procedures.

438

tor. On 12 July 1994, R.L. filed a motion to quash or dismiss the indictment because the indictment lacked the attestation of the prosecuting attorney. After the circuit court on 8 August 1994 denied R.L.'s motion to dismiss the indictment, R.L. petitioned this Court to prohibit further prosecution of the underlying case against him.

II

We have long recognized the right of every person to seek redress through the courts. The *W.Va. Constitution,* art. 3, § 17 guarantees that "[t]he courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay." In *State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 753, 278 S.E.2d 624, 631 (1981), we noted that "[t]he 'spirit of the law' has long been and it has been long held that '[t]he public has rights as well as the accused, and one of the first of these is that of redressing or punishing their wrongs'. *Ex parte Santee,* 4 Va. 363, 2 Va.Cas. 363 (1823)." *Skinner* also recognized that "the prosecuting attorney is vested with discretion in the control of criminal causes, which is committed to him for the public good and for the vindication of the public interest. [Citations omitted.]" *Skinner,* 166 W.Va. at 752, 278 S.E.2d at 631.

▮ Vesting discretion in the prosecuting attorney does not foreclose a citizen's right to seek redress through the courts for personal wrongs. Indeed, "the grand jury must be open to the public for the independent presentation of evidence before it." *State ex rel. Miller v. Smith,* 168 W.Va. 745, 753, 285 S.E.2d 500, 504 (1981) (prosecuting attorney should not attempt to influence the grand jury by means other than presentation of evidence or giving court supervised instructions). In order to insure the accessibility of the grand jury to citizens, in Syl. pt. 1, *Miller,* we stated:

By application to the circuit judge, whose duty is to insure access to the grand jury, any person may go to the grand jury to present a complaint to it. W.Va. Const. art. 3, § 17.

*See Myers v. Frazier,* 173 W.Va. 658, 679, 319 S.E.2d 782, 804 (1984); *Powers v. Goodwin,* 170 W.Va. 151, 158, 291 S.E.2d 466, 473 (1982); *Cogar v. Strickler,* 570 F.Supp. 34, 35–36 (S.D.W.Va.1983).

Recently in *Harman v. Frye,* 188 W.Va. 611, 621, 425 S.E.2d 566, 576 (1992) (citizens must bring their complaints first to the prosecuting attorney or the appropriate law enforcement agency), we reaffirmed our holding in Syl. pt. 1 of *Miller* and stated that "the grand jury must be open to the public as a matter of constitutional right." In *Harman,* we ordered the appointment of a special prosecutor in order to avoid a potential conflict of interest in criminal cases involving cross-warrants and thus allowed the prosecuting attorney to fulfill "the duty of prosecuting *all* crimes, including misdemeanors." *Harman,* 188 W.Va. at 621, 425 S.E.2d at 576.

▮ In this case, R.L. maintains that the indictment issued by the May 1993 grand jury is defective and should be dismissed because the prosecuting attorney did not attest to the grand jury foreperson's signature. In support of his contention R.L. notes that *W.Va.Code* 62–9–1 [1931] uses the word "shall" to indicate the necessity of the prosecuting attorney's attestation. *W.Va.Code* 62–9–1 [1931], which prescribes the general form for indictments, states, in pertinent part:

All indictments in this State, if procured, found and returned in all other respects as provided by law, shall be sufficient if in the following form:

.    .    .    .    .

[A generalized or skeleton form is provided.]

Found upon the testimony of _____, duly sworn in open court to testify the truth and sent before the grand jury this the _____ day of _____, 19__.

(Signed) _____
Prosecuting Attorney.

Said indictment *shall* have legibly indorsed on the reverse side thereof the words "State of West Virginia versus _____ Indictment for a _____

(Felony or Misdemeanor, as the case may be).

_____ Foreman of the Grand Jury.

Attest: _____, Prosecuting Attorney of _____, county, West Virginia." [Emphasis added.]

The first lines of _W.Va.Code_ 62–9–1 [1931] indicate that prescribed outlined indictment form is not indispensable and that an indictment "adopting different phraseology will be good if essential elements are properly set forth." _State v. Burnette, supra,_ 118 W.Va. at 504, 190 S.E. at 906. However, because of the legislature used the word "shall" in connection with the signature of the grand jury foreperson and the attestation of the prosecuting attorney, _State v. Burnette,_ 118 W.Va. at 504, 190 S.E. at 907, concluded "an indictment ... not carrying on its back the indorsement of the prosecuting attorney, is fatally defective on motion to quash." _See also_ Syl. pt. 2, _State v. Davis, supra_ ("the endorsement [of the grand jury foreperson] and attestation [of the prosecutor] are sufficient if they appear on the face of the indictment"); _State v. Huffman, supra,_ 141 W.Va. at 71, 87 S.E.2d at 551 (purpose of the requirement "is to identify and authenticate the indictment and to prevent the substitution or the use of" a non-authentic indictment); Syl. pt. 7, _State v. DeBoard, supra._

In this case, R.L. seeks to use a procedural safeguard, namely, the prosecuting attorney's attestation, to defeat a true indictment returned by the grand jury. In the underlying case, the prosecuting attorney did not present the charges against R.L. to the grand jury; rather, S.D.W., a private citizen, presented her complaint to the grand jury. After the indictment was returned by the grand jury, the prosecuting attorney's office recused itself and a special prosecutor was appointed. Although the attestation of the prosecuting attorney helps to prevent the use of a non-authentic indictment, this attestation requirement cannot be used to trump a citizen's constitutional right to go to the grand jury and present a complaint to it. Therefore, we hold that in cases where a grand jury returns an indictment based on a citizen's complaint and presentation, the attestation of the prosecuting attorney to the grand jury foreperson's signature is not required and the lack of such attestation, standing alone, is insufficient grounds for dismissal of an otherwise authentic indictment. The attestation requirement of _W.Va. Code_ 62–9–1 [1931] does not apply in cases where the prosecuting attorney does not present the complaint to the grand jury. To the extent that our holding in this case contradicts our holdings in _State v. Davis, supra, State v. Huffman, supra, State v. Burnette, supra,_ and _State v. DeBoard, supra,_ they are overruled.

For the above stated reasons, the writ of prohibition requesting dismissal of the indictment against R.L. is denied.

Writ denied.

BROTHERTON, C.J., did not participate.

MILLER, Retired J., sitting by temporary assignment.

CLECKLEY, J., concurs, and reserves the right to file a concurring opinion.

CLECKLEY, Justice, concurring:

I concur with the majority that the unsigned indictment was not fatally flawed and that the writ of prohibition should be denied in this case. However, I believe a different approach is necessary to prevent this problem from recurring. Although I reach the same result, in order to provide some additional appellate guidance for future cases, I expand on the majority's holding. The majority holds "the attestation of the prosecuting attorney to the grand jury foreperson's signature is not required" in cases "where a grand jury returns an indictment based on a citizen's complaint and presentation[.]" Syllabus Point 2, in part.

Instead of holding that the prosecuting attorney's attestation is not needed in this case, I believe a better approach, and one consistent with West Virginia precedent, is to rely on our prior cases [1] holding that such attestation must appear on the indictment

---

1. _See State v. Davis,_ 178 W.Va. 87, 357 S.E.2d 769 (1987); _State v. Huffman,_ 141 W.Va. 55, 87

440

pursuant to W.Va.Code, 62–9–1 (1931), and to order the prosecuting attorney to sign the indictment.

Significantly, the prosecuting attorney was involved with this case before it was brought before the grand jury. D.W.S., the victim, went to see a therapist upon the direction of the prosecuting attorney's office. The prosecuting attorney's office did not bring the matter before the September, 1992, grand jury because it did not have sufficient time to study the report of Sergeant Walker and prepare a presentation. As the majority states: "When D.W.S. presented the matter to the May 1993 Grand Jury, the prosecuting attorney maintained that he 'has never refused to act' and 'that *this matter will be presented* after we get the information to proceed, which should have already been provided.' " 192 W.Va. at 437, 452 S.E.2d at 895. (Emphasis added). However, for reasons not clear to this Court, the prosecuting attorney refused to attest to the grand jury foreperson's signature on the indictment.

"The prosecuting attorney is the constitutional officer charged with the responsibility of instituting prosecutions and securing convictions on behalf of the State of those who violate the criminal law. W.Va. Const. art. 9, § 1; W.Va.Code § 7–4–1 [1971]." *State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 750, 278 S.E.2d 624, 630 (1981). Certainly, the prosecuting attorney is vested with certain discretion,[2] as we stated in *Skinner:*

"The prosecuting attorney, in his sound discretion, may refrain from prosecuting a cause or, having commenced a prosecution, may move the dismissal of a cause, when in good faith and without corrupt motivation or influence, he thinks that the guilt of the accused is doubtful or not capable of adequate proof. *See generally,* Annot., 155 A.L.R. 10; 63 Am.Jur.2d, *Prosecuting Attorneys* § 26 (1972)." 166 W.Va. at 752, 278 S.E.2d at 631.

Nonetheless, the prosecuting attorney does not command unbridled discretion. In *State ex rel. Ginsberg v. Naum,* 173 W.Va. 510, 512, 318 S.E.2d 454, 455–56 (1984), we state:

"Prosecutors are charged with the duty to prosecute all violators of state criminal laws in their counties. W.Va.Code, 7–4–1 states:

" 'It shall be the duty of the prosecuting attorney to attend to the criminal business of the State in the county in which he is elected and qualified, and when he has information of the violation *of any penal law* committed within such county, he *shall* institute and prosecute all necessary and proper proceedings against the offender. (Emphasis supplied.)'

'Shall' is mandatory and makes it a prosecutor's non-discretionary duty to institute proceedings against persons when he has information giving him probable cause to believe that *any* penal law has been violated." [3] (Emphasis in original; citations noted [4]).

Based on the foregoing principles, the prosecuting attorney lacked discretion to refuse to attest to the authenticity of the indictment charging the defendant with sexual assault, after it was returned by a grand jury which found probable cause. The prosecut-

S.E.2d 541 (1955); *State v. De Board,* 119 W.Va. 396, 194 S.E. 349 (1937); *State v. Burnette,* 118 W.Va. 501, 190 S.E. 905 (1937).

2. *See State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984) (detailed discussion of prosecutorial discretion).

3. Courts must apply this statement within reason. We recognize that antiquated laws remain which are inappropriate to enforce.

"It is axiomatic that all crimes cannot be prosecuted even if this were desirable. Realistically, there are not enough enforcement agencies to investigate and prosecute every criminal act that occurs. Moreover, some violations occur in circumstances in which there is no signifi-

cant impact on the community or on any of its members. A prosecutor should adopt a 'first things first' policy, giving greatest attention to those areas of criminal activity that pose the most serious threat to the security and order of the community." ABA Standards for Criminal Justice Prosecution Function and Defense Function, *Investigation for Prosecution Decision* 73 (3rd ed. 1993).

4. "*State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984); *State ex rel. Skinner v. Dostert,* 166 W.Va. 743, 278 S.E.2d 624 (1981). Cf., Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board,* 171 W.Va. 445, 300 S.E.2d 86 [(1982)] (discussing the mandatory character of the word 'shall' in statutes)."

ing attorney has a "nondiscretionary duty to act upon this probable cause[.]" *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 139, 313 S.E.2d 409, 415 (1984). Therefore, the circuit court should have ordered the prosecuting attorney to sign the indictment to attest to its authenticity.[5] I do not believe that the prosecuting attorney should be able to *nol pros* (*nolle prosequi*) simply by refusing to sign the grand jury's indictment. The concurring opinion in *United States v. Cox,* 342 F.2d 167, 179 (5th Cir.), *cert. denied* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965), states:

> "The grand jury may be permitted to function in its traditional sphere, while at the same time enforcing the separation of powers doctrine as between the executive and judicial branches of the government. This can best be done, indeed, it is mandatory, by requiring the United States Attorney to assist the grand jury in preparing indictments which they wish to consider or return, and by requiring the United States Attorney to sign any indictment that is to be returned. Then, once the indictment is returned, the Attorney General or the United States Attorney can refuse to go forward."

I am persuaded by the above reasoning. The signature of the prosecuting attorney, together with that of the grand jury's foreperson is a formal effective initiation of a prosecution. The indictment immediately triggers the right of a defendant to a speedy trial, the right to counsel where it has not already attached,[6] and the right to discovery

under Rule 16 of the West Virginia Rules of Criminal Procedure. Thus, a defendant is not likely to be prejudiced by any further delay.

Accordingly, I would remand this case to the circuit court with these directions.

---

5. I do not believe, however, it would be wise to order the prosecuting attorney to prosecute a case. The judiciary simply lacks the capacity to monitor whether a prosecuting attorney is in good faith presenting a case. However, where the prosecuting attorney is unwilling to discharge his responsibilities under W.Va.Code, 7–4–1, the circuit court should proceed pursuant to W.Va.Code, 7–7–8 (1987), to replace the prosecuting attorney temporarily. *See State ex rel. Preissler v. Dostert,* 163 W.Va. 719, 260 S.E.2d 279 (1979); *State ex rel. Goodwin v. Cook,* 162 W.Va. 161, 248 S.E.2d 602 (1978).

Indeed, had I been a member of this Court when cases such as *Ginsberg* were decided, I would have dissented. For a circuit court to order the prosecuting attorney to proceed in a case that he has declined would "invest prosecutorial power in the judiciary, power which under the Constitution is reserved for the executive branch of government." *United States v. Cox,* 342 F.2d 167, 179 (5th Cir.) (concurring opinion), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). I believe that when a prosecuting attorney violates W.Va.Code, 7–4–1, the remedy is replacement or impeachment not mandamus. Also, I am unconvinced that the West Virginia legislature intended to withdraw the normal prosecutorial discretion in W.Va.Code, 7–4–1. Using the word "shall" in the context of a general discussion of prosecutorial duties is insufficient to evince a legislative purpose to bar the exercise of executive discretion in the prosecution of criminal cases. *See generally Moses v. Kennedy,* 219 F.Supp. 762 (D.D.C.1963).

6. *See Massiah v. U.S.,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).