# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-0814** (Kanawha County 12-F-227)

**Gabriel Heater,**
**Defendant Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Gabriel Heater, by counsel Duane Rosenlieb Jr., appeals the Circuit Court of Kanawha County's "Sentencing Order" entered on May 29, 2012, which sentenced petitioner to a term of incarceration of not less than one year nor more than fifteen years for burglary by breaking and entering and a concurrent term of one year for brandishing a deadly weapon. The State, by counsel Scott Johnson, filed a response in support of the circuit court's decision, to which petitioner replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2012, a Kanawha County Grand Jury indicted petitioner on one count of burglary by breaking and entering, one count of burglary without breaking, two counts of domestic assault, and one count of brandishing a deadly weapon. These charges arose after an incident with petitioner's friend and petitioner's ex-girlfriend. In an effort to save petitioner's military career and background, the State proposed that petitioner plead guilty to misdemeanor destruction of property by information and simple assault against his friend, and further proposed that petitioner forfeit the handgun that was used and continue his counseling from Veterans Affairs. On May 4, 2012, the plea agreement was orally presented to the circuit court, but was rejected. The circuit court stated that it would not accept the plea agreement unless petitioner was prevented from ever having access to firearms. The parties unsuccessfully attempted to renegotiate the proposed plea agreement. The matter proceeded to jury trial on May 7, 2012, and petitioner was convicted of burglary by breaking and entering and brandishing a deadly weapon. Petitioner was acquitted of domestic assault.

On appeal, petitioner first argues that the circuit court exceeded its lawful authority by improperly participating in the plea negotiation process when it rejected the plea proposal on

1

May 4, 2012. This Court has stated that Rule 11(e)(1) of the West Virginia Rules of Criminal Procedure "prohibits absolutely a trial court from all forms of judicial participation in or interference with the plea negotiation process." *State v. Sugg*, 193 W.Va. 388 406, 456 S.E.2d 469, 487 (1995). However, "[a] trial court is free . . . to reject a plea agreement and may even express its reasons for doing so." *Id.* "A court's ultimate discretion in accepting or rejecting a plea agreement is whether it is consistent with the public interest in the fair administration of justice." Syl. Pt. 4, *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984). Further,

> [a] primary test to determine whether a plea bargain should be accepted or rejected is in light of the entire criminal event and given the defendant's prior criminal record whether the plea bargain enables the court to dispose of the case in a manner commensurate with the seriousness of the criminal charges and the character and background of the defendant.

Syl. Pt. 6, *id*. The facts of this case show that the prosecutor disclosed the terms of the proposed plea agreement to the circuit court. Thereafter, the circuit court stated that the proposed plea was unacceptable in view of the seriousness of the underlying charges and his concern about the safety of the public. Therefore, the circuit court did not abuse its discretion in refusing the proposed plea agreement.

Second, petitioner argues that he was denied a fair trial as a result of improper prosecutorial remarks. Petitioner argues that the prosecutor's opening statement contained facts that he knew would not be supported by the trial testimony. Petitioner also argues that he was denied a fair trial as a result of improper redirect examination by the prosecutor that was intended to inflame the jury. Finally, petitioner argues during closing arguments, he was denied a fair trial because the prosecutor referred to facts not in evidence; gave his opinion as to why petitioner's gun was unloaded; gave his opinion about what time it got dark; commented on the truthfulness of a witness's testimony; stated petitioner's actions were illegal; gave his opinion about what constituted brandishing; commented on a witness's creditability; and, accused defense counsel of wrong-doing.

As an initial matter, we observe that petitioner failed to object to the alleged improper remarks during opening statements. Upon our review, the Court declines to address petitioner's assignments of error regarding improper remarks during the prosecutor's opening statement. We have previously held that "'[o]ur general rule is that nonjurisdictional trial error not raised in the trial court will not be addressed on appeal.' Syllabus Point 9, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)." Syl. Pt. 4, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987). Because petitioner failed to raise these issues below, the Court declines to address the same here.

As to the prosecutor's comments during redirect examination, the Court does not find that the circuit court abused its discretion in allowing the State to recall a witness concerning the witness's conversations with opposing counsel and petitioner. "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds, State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

Finally, in regards to the prosecutor's comments during his closing statement, we find no error. In Syllabus Point 5 of *State v. Sugg*, 193 W.Va. 388, 456 S.E.2d 469 (1995), we held that "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Further, we have noted as follows:

> Four factors are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal: (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

Syl. Pt. 6, *id.* Applying the four-part test in *Sugg*, we find that the State's comments during closing arguments could not have misled the jury. Second, the remarks were isolated; third, the remaining evidence was sufficient to convict petitioner; and fourth, they were unlikely to divert the attention of the jury to extraneous matters. Thus, because petitioner was not clearly prejudiced by the State's comments and because no manifest injustice resulted as a result of the comments, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 28, 2013

**CONCURRED IN BY**:

Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman