# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 16-0047** (Wirt County 14-F-23)

**Paul H.,**
**Defendant Below, Petitioner**

**FILED**

**April 10, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Paul H., by counsel Eric K. Powell, appeals the Circuit Court of Wirt County's December 14, 2015, order sentencing him to a cumulative prison term of twenty to fifty years following his conviction for first-degree sexual assault, second-degree sexual assault, and incest.[1] The State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court (1) violated Rule 404(b) of the West Virginia Rules of Evidence by admitting evidence of a separate sexual assault committed by petitioner against his oldest sister, S.H.; and (2) erred in allowing a supervised psychologist to offer an opinion about whether a sexual assault occurred and to testify to extrajudicial statements made by the victim.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner implies in passing that, because he was a minor at the time of alleged prior sexual assaults, S.H.'s testimony regarding those alleged prior sexual assaults should have been excluded from evidence. However, petitioner does not raise this contention in a separate assignment of error; does not cite any legal authority on this issue; and provides little discussion of the issue other than to state that he was a minor at the relevant times. This Court has previously cautioned parties that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are . . . mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). We have further explained that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim[.]" *State Dept. of Health and Human Res. v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995). *See also* W.Va. R. App. Proc. 10 (listing requirements for briefs filed with this Court). For those reasons, we decline to address the admissibility of S.H.'s testimony in this memorandum decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2014, the Grand Jury of Wirt County returned a four-count indictment charging petitioner with first-degree sexual assault, second-degree sexual assault, third-degree sexual assault, and incest. The victim in each count was one of petitioner's younger sisters, K.H.[3]

Shortly before trial, the State filed a motion, pursuant to Rule 404(b) of the West Virginia Rules of Evidence, to admit evidence that petitioner sexually abused S.H. in a similar manner to that of his sexual assault of the victim in the instant case. Prior to trial, the circuit court conducted a hearing on the State's 404(b) motion. At that hearing, it was shown that S.H. gave three statements regarding petitioner sexually assaulting her when she was a child—the first statement was on May 13, 2015, to police; the second statement was to petitioner's private investigator on May 14, 2015; and the third statement was again to police on August 25, 2015. In line with her third statement in August of 2015, S.H. testified at the hearing that petitioner began sexually assaulting her when she was six years old. She stated that it continued until she was twelve years old. At the hearing, S.H. explained that the first time petitioner assaulted her they were sitting outside when petitioner put his finger in her vagina. She claimed that, some days later, he forced her to have sexual intercourse for the first time inside their house.

At the pretrial hearing, petitioner's counsel asked S.H. to explain certain differences between her testimony (which reflected her August 25, 2015, statement) and her statements in May of 2015. Petitioner's counsel cited four reported inconsistencies: (1) that in her May 13, 2015, statement, she claimed to be eight years old when the sexual assaults began, as opposed to her testimony and August 25, 2015, statement that she was six years old; (2) that in her May 13, 2015, statement, she claimed that the first time petitioner sexually assaulted her they were outside and "had sex," whereas in her testimony and August 25, 2015, statement, she claimed that the first time was outside and he put his finger in her vagina; (3) that in her May 13, 2015, statement, she claimed that the last time petitioner sexually assaulted her, she kicked him and ran away, whereas in her testimony and August 25, 2015, statement, she claimed that he threw her on a bed and forced her to have sexual intercourse; and (4) that she told petitioner's private investigator on May 14, 2015, that petitioner never touched her. S.H. explained that she was "scared and excited" during her May statement to police, and her testimony at the hearing was the accurate version of events. The circuit court granted the State's 404(b) motion, noting that S.H.'s testimony was credible and that the evidence demonstrated petitioner's "lustful

---

[3]It is undisputed that K.H. was also the victim of sexual assaults by a second brother and her father, both of whom were convicted of related sex crimes.

2

disposition." The circuit court also noted that a child victim is "unlikely to disclose to the investigators for the defendant."

Trial commenced in mid-September of 2015. At trial, the State established that petitioner began sexually assaulting K.H. between 2008 to 2010 when K.H. was ten or eleven years old and petitioner was twenty or twenty-one years old. According to the State's evidence, during that time, there was an incident in which petitioner trapped K.H. in his bedroom, threw her on his bed over her protests, forcibly removed her clothes, and engaged in vaginal intercourse with her. The sexual assaults reportedly occurred three or four times per month for some time.

K.H. eventually disclosed these sexual assaults to authorities, and the West Virginia State Police investigated. During its investigation, the West Virginia State Police interviewed S.H. on the two occasions noted above. S.H. testified at trial that petitioner sexually assaulted/abused her regularly when she was a child. S.H. claimed that petitioner digitally penetrated her; forced her to engage in vaginal intercourse; and, on one occasion, "stuck an air compressor nozzle in me" and then activated the compressed air, which "really hurt."

Sandra Walls, a supervised psychologist working under the supervision of Dr. Timothy Saar, also testified at trial. Ms. Walls stated that she has a bachelor's degree and a master's degree in psychology and was approved by the West Virginia Board of Examiners for Psychologists to practice psychology under supervision of an independently licensed psychologist. According to Ms. Walls, the victim was referred to Dr. Saar's office for a "general psychological evaluation for treatment purposes to determine diagnosis and provide treatment recommendations." As part of the evaluation, Ms. Walls interviewed the victim. Ms. Walls explained that the victim told her during their interview that she was "raped by her brother and forced to perform oral sex on him." Petitioner objected to Ms. Walls testimony about the victim's statement as inadmissible hearsay because Ms. Walls conducted a forensic interview. Ms. Walls noted that she accidentally included the word "forensic" evaluation in her written report, but she claimed that the word "forensic" was inadvertently included in the written report as an oversight in the editing process. Ms. Walls maintained that her evaluation of K.H. was therapeutic and not forensic in nature.

Ms. Walls testified that K.H.'s symptoms, including "the depression, the withdrawal, the intrusive thoughts, [and] the avoidance," are consistent with a child who has been subjected to sexual assault. Over petitioner's objection, Ms. Walls further testified that, in her opinion, the victim was sexually assaulted. The State also introduced the testimony of Dr. Joan Phillips, a pediatrician specializing in child abuse and neglect. Dr. Phillips testified that a physical examination of the victim showed evidence of penetration by sexual contact or trauma and supported the victim's claims of sexual assault.

At the conclusion of trial, petitioner was found guilty of first-degree sexual assault, second-degree sexual assault, and incest. In December of 2015, the circuit court held a sentencing hearing. At the conclusion of that hearing, by order entered on December 14, 2015, the circuit court sentenced petitioner to a cumulative prison term of twenty to fifty years. This appeal followed.

3

We have previously held as follows:

> "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 1, *State v. Blevins*, 231 W.Va. 135, 744 S.E.2d 245 (2013). We further held that "[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to a review under an abuse of discretion standard." Syl. Pt. 1, *State v. Varlas*, 237 W.Va. 399, 787 S.E.2d 670 (2016) (citing Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)). Indeed, "[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), overruled on other grounds by *State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

On appeal, petitioner first argues that the circuit court violated Rule 404(b) by admitting evidence that he previously sexually assaulted S.H. West Virginia Rule of Evidence 404(b) provides, in part:

> (1) Prohibited uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. (2) . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Moreover, evidence of a defendant's sexual assault of a child on a different occasion may be admitted to prove his/her lustful disposition towards children. As we have held:

> Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment.

Syl. Pt. 2, in part, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Challenges to the admission of evidence pursuant to Rule 404(b) is subject to the following standard of review:

4

The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. LaRock*, 196 W.Va. 294, 310-11, 470 S.E.2d 613, 629-30 (1996). Moreover,

Our function on this appeal is limited to the inquiry as to whether the trial court acted in a way that was so arbitrary and irrational that it can be said to have abused its discretion. In reviewing the admission of Rule 404(b) evidence, we review it in the light most favorable to the party offering the evidence, . . . maximizing its probative value and minimizing its prejudicial effect.

*State v. McGinnis*, 193 W.Va. 147, 159, 455 S.E.2d 516, 528 (1994). "The balancing of probative value against unfair prejudice is weighed in favor of admissibility[.]" *LaRock*, 196 W.Va. at 312, 470 S.E.2d at 631.

In this case, contrary to petitioner's assertion, the State filed a pre-trial motion that adequately set forth the evidence to be considered under Rule 404(b). Thereafter, the circuit court held a *McGinnis* hearing to determine the admissibility of the 404(b) evidence, at which time counsel for petitioner was permitted to cross-examine S.H. and challenge that evidence.[4] The charges in this case related to sexual assaults and incest committed against his sister, a child. The collateral acts at issue involved petitioner's sexual assault and incest of S.H., another of his sisters and also a child at the time of the assaults. At the conclusion of the hearing, the circuit court found that the evidence of petitioner's sexual assault and incest committed against S.H. was credible and demonstrated petitioner's "lustful disposition."

Given the clear relation between the collateral acts and the instant charges, we find no error in the circuit court's finding. S.H.'s testimony was permissible under Rule 404(b) and this Court's holding in *Edward Charles L*.[5] Further, we decline to find S.H.'s testimony incredible. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the

---

[4]*See McGinnis*, 193 W.Va. at 151, 455 S.E.2d at 520, syl. pt. 2 (discussing in camera hearings on 404(b) evidence).

[5]To the extent petitioner argues that S.H. should not have been permitted to testify that petitioner sexually assaulted her with an air compressor because no like allegation occurred here, he fails to indicate how and when he objected to that portion of S.H.'s testimony below. *See* W.Va. R. app. Proc. 10(c)(7) (permitting this Court to "disregard errors that are not adequately supported by specific references to the record on appeal[,]"which include "citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal.").

exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). As such, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred by allowing Ms. Walls to offer her opinion as to whether the victim was sexually assaulted. Under this assignment of error (not set forth as a separate ground), petitioner further argues that Ms. Walls presented inadmissible hearsay testimony by repeating the victim's statement taken during the evaluation that she was "raped by her brother and forced to perform oral sex on him." The sole legal authority cited by petitioner in his second assignment of error is *State v. Pettrey*, 209 W.Va. 449, 549 S.E.2d 323 (2001). In *Pettrey*, two children were sexually abused by their father. At the father's trial, a trained play therapist was allowed to testify to statements made by the children during therapy sessions about the sexual abuse. The children in *Pettrey* did not testify. The father was convicted, and he appealed to this Court on the ground that the play therapist's testimony was inadmissible hearsay. This Court affirmed the conviction on the theory that the play therapist's testimony fell under the medical treatment or diagnosis exception to the hearsay rule. Having reviewed the record, the parties' arguments, and pertinent legal authority, we find *Pettrey* to be inapposite to the case at bar.

As to Ms. Walls' opinion testimony, we find that *Pettrey* has no factual or legal relation to petitioner's arguments. This Court in *Pettrey* did not analyze the opinion testimony of an expert. Rather, we find that Rule 702 of the West Virginia Rules of Evidence and this Court's holding in *Edward Charles L.* apply to Ms. Walls's opinion testimony. Rule 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." In affirming the admission of the opinion testimony of a psychological expert, we have held as follows:

4. The following [is] . . . not excluded by the hearsay rule, even though the declarant is available as a witness: . . . (4) Statements for Purposes of Medical Diagnosis or Treatment. Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

. . . .

7. Expert psychological testimony is permissible in cases involving incidents of child sexual abuse and an expert may state an opinion as to whether the child comports with the psychological and behavioral profile of a child sexual abuse victim, and may offer an opinion based on objective findings that the child has been sexually abused. Such an expert may not give an opinion as to whether he personally believes the child, nor an opinion as to whether the sexual assault was committed by the defendant, as these would improperly and prejudicially invade the province of the jury.

*Edward Charles L.*, 183 W.Va. at 641, 398 S.E.2d at 123, syl. pts. 4 & 7.

In this case, Ms. Walls was qualified as an expert in the fields of psychology and clinical psychology without objection.[6] Moreover, although petitioner argues that Ms. Walls' evaluation of the victim was not "treatment[,]" we disagree. Ms. Walls specifically testified that the Department of Health and Human Resources requested a "general psychological evaluation for treatment purposes to determine diagnosis and provide treatment recommendations." Therefore, the evidence clearly supports a finding that Ms. Walls' evaluation was for diagnostic and treatment purposes.

As a psychological expert who evaluated the victim in this case for diagnostic and treatment purposes, Ms. Walls was permitted to offer her opinion based on the evaluation "as to whether the [victim] comport[ed] with the psychological and behavioral profile of a child sexual assault victim" and "on objective findings that the [victim] has been sexually abused." Ms. Walls testified that her opinion was made to a reasonable degree of psychological certainty, and she did not offer her opinion as to who committed the sexual assault. Given the significant discretion afforded to circuit courts in evidentiary matters and Ms. Walls' qualification as a psychological expert, we find no merit to petitioner's argument.

As to petitioner's hearsay argument, we again find his reliance on *Pettrey* to be misplaced. The facts of *Pettrey* are distinguishable from the facts of this case. In *Pettrey*, this Court narrowly reviewed whether "the testimony of a therapist who treats child abuse clients with play therapy should not be recognized under the [medical diagnosis or treatment] exception [to the hearsay rule]. This is the issue we must resolve." *Pettrey*, 209 W.Va. at 458, 549 S.E.2d at 332. Petitioner's case does not involve "a therapist who treats child abuse clients with play therapy[.]"

Rather, we again find that *Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123, controls. In *Edward Charles L.*, a victim's mother was permitted to testify about statements made by her son that implicated the defendant in criminal conduct. The son also testified at the trial and was available for cross-examination. In affirming the conviction, this Court held that the mother's testimony was admissible under West Virginia Rule of Evidence 803(24)—now located in Rule 807—the catch-all exception to the hearsay rule. *Edward Charles L.*, 183 W.Va. at 657, 398 S.E.2d at 139. This Court explained that "[i]t is extremely important to recognize that in the defendant's trial, each child was present, testified in court, and was cross-examined by defense counsel. Furthermore, neither the mother nor the psychologist added anything substantive to the children's testimony." *Id.* at 656, 398 S.E.2d at 138. As in *Edward Charles L.*, the victim in this case testified and was available for cross-examination, and Ms. Walls' testimony about the

---

[6]While petitioner objected to the admission of certain portions of Ms. Walls' testimony based on her credentials, petitioner does not claim to have objected to her qualification as an expert in psychology. Moreover, petitioner does not assign error to her qualification as an expert in psychology.

victim's statement did not "add[] anything substantive to the [victim's] testimony."[7] Consequently, we find no error in the admission of Ms. Walls' testimony.

For the foregoing reasons, the circuit court's December 14, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** April 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[7]We note, as we did in *Edward Charles L.*, that "[w]hen a child witness is present to testify, however, it would generally seem to be a better practice not to permit [another witness] to testify as to the child's extrajudicial statements unless such testimony clearly falls into one of the hearsay exceptions. But it is harmless when, viewed in the spectrum of all the evidence, it creates no prejudice to the defendant." *Edward Charles L.*, 183 W.Va. at 656, 398 S.E.2d at 138.

8