**STATE OF WEST VIRGINIA**

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: J.S., T.S., W.S. and C.S.

No. 17-0332 (Braxton County 16-JA-34, 16-JA-35, 16-JA-36, & 16-JA-37)

**MEMORANDUM DECISION**

Petitioner Mother A.S., by counsel Daniel R. Grindo, appeals the Circuit Court of Braxton County's March 2, 2017, order terminating her parental and custodial rights to J.S., T.S., W.S., and C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), David Karickhoff, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating her upon insufficient evidence.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner also argues that the circuit court erred in failing to dismiss the petition on grounds of res judicata; in making certain evidentiary rulings concerning the children's psychologist; and in finding there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. However, in support of these assignments of error, petitioner provides no citation to any supporting authority. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the *points of* fact and *law presented*, the standard of review applicable, and *citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then–Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal

(continued . . . )

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition against the parents in the Circuit Court of Calhoun County that alleged they left the children in the care of inappropriate caregivers. According to the petition, petitioner and the father left the children with their maternal grandmother and uncle despite their knowledge of sexual abuse issues and unsafe home conditions related to those individuals. The petition further alleged that the parents engaged in domestic violence and inappropriate discipline in the home, and that the children lacked appropriate housing and clothing. The following month, the DHHR filed an amended petition to include additional information about the parents' behavior.

In October of 2015, the circuit court held an adjudicatory hearing. Petitioner stipulated to adjudication by admitting that she failed to protect the children by knowingly placing them in her family's care. Petitioner also admitted to using inappropriate discipline on the children. In March of 2016, the DHHR filed a second amended petition that included disclosures from W.S. According to the new petition, the child indicated that she witnessed the parents having sex and that her brother, J.S., sexually abused her. The petition further alleged that the father instructed the children not to speak to anyone, including DHHR personnel and therapists, about the conditions in the home. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period.

In May of 2016, the circuit court held a hearing on the second amended petition. During the hearing, the DHHR moved the circuit court to transfer the matter to the Circuit Court of Braxton County because of additional disclosures of sexual abuse that occurred in that county. Petitioner moved for the dismissal of the second amended petition upon allegations that it was vague. Ultimately, the circuit court dismissed the second amended petition and ordered the matter transferred to the Circuit Court of Braxton County. The circuit court also ordered that any subsequent petition filed to address allegations of sexual abuse be consolidated with the ongoing proceedings transferred to Braxton County.

In June of 2016, the DHHR filed a new petition in the Circuit Court of Braxton County that included allegations of sexual abuse of the children. The circuit court consolidated this new petition with the ongoing abuse and neglect case transferred from Calhoun County. Petitioner

---

. . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to the three assignments of error listed above is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. According, the Court will not address these assignments of error on appeal.

moved to dismiss the new petition based on res judicata. The circuit court, however, permitted the DHHR to proceed on the petition.

In August of 2016, the circuit court held an adjudicatory hearing on the new petition. The DHHR presented evidence from a psychologist who opined that the significant amount of sexualized behavior exhibited by most of the children and the family, in addition to the children's consistency in identifying the parents as the perpetrators of sexual abuse, led him to believe that the children were sexually abused. An interviewer from the Child Advocacy Center further testified to her interview of W.S., then seven years old, during which the child indicated that the father touched her vagina, inserted his penis into her vagina, and inserted other objects into her vagina. Two foster parents provided testimony concerning the children's sexualized behavior, including simulating oral sex and humping other children. One foster parent also testified to the fact that W.S. inserted several objects into her vagina on multiple occasions. Ultimately, the circuit court found that the father sexually abused the children and that petitioner was aware of the abuse. As such, the circuit court adjudicated petitioner as an abusing parent.[3]

In January of 2017, the circuit court held a dispositional hearing. A psychologist who performed a psychological and parental fitness evaluation on petitioner testified that petitioner never acknowledged the sexual abuse in the home. The psychologist also opined that petitioner's prognosis for improved parenting was extremely poor, given her failure to acknowledge the pervasive and serious nature of the abuse. Moreover, testimony established that petitioner never addressed the sexual abuse in therapy and other services, despite attending the same, because she never acknowledged the abuse therein. Ultimately, the circuit court terminated petitioner's parental and custodial rights to the children.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]The circuit court actually adjudicated petitioner as an "abusing and neglecting parent." However, West Virginia Code § 49-1-201 defines an abusing parent, in part, as "a parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." Because the statutory definition of "abusing parent" encompasses parents who have been adjudicated of either abuse or neglect, the Court will use that term throughout this memorandum decision.

[4]The parents' parental rights to all the children were terminated during the proceedings below. According to the parties, the children have been placed in separate foster homes, due to concerns over their behavior, with a goal of adoption by their foster families.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent upon unreliable and inadmissible evidence. According to petitioner, several individuals, including foster parents, the forensic interviewer who spoke to W.S., and the psychologist, testified to statements from the children that constituted inadmissible hearsay. Petitioner also argues that the psychologist submitted a report after the hearing and that she was not permitted to cross-examine him. The Court, however, finds no error. We have previously held that

"[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. Pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994).

Syl. Pt. 1, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010). Moreover, "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." *Id.* at 604, 694 S.E.2d at 937, Syl. Pt. 2. It is well settled that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W. Va. 639, 301 S.E.2d 596, 599 (1983)." Syl. Pt. 2, *State v. Peyatt*, 173 W.Va. 317, 315 S.E.2d 574 (1983).

On appeal, petitioner argues that the individual who interviewed W.S. testified to inadmissible hearsay in the form of W.S.'s statements regarding the father's sexual abuse. We do not agree. We have long held that

"[t]he two-part test set for admitting hearsay statements pursuant to W.Va.R.Evid. 803(4) is (1) the declarant's motive in making the statements must be consistent with the purposes of promoting treatment, and (2) the content of the statement must be such as is reasonably relied upon by a physician in treatment or diagnosis." Syl. Pt. 5, *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

*Payne*, 225 W.Va. at 604, 694 S.E.2d at 937, Syl. Pt. 4. We have also held that

"[w]hen a social worker, counselor, or psychologist is trained in play therapy and thereafter treats a child abuse victim with play therapy, the therapist's testimony is admissible at trial under the medical diagnosis or treatment exception to the hearsay rule, West Virginia Rule of Evidence 803(4), if the declarant's motive in making the statement is consistent with the purposes of promoting treatment and the content of the statement is reasonably relied upon by the therapist for treatment. The testimony is inadmissible if the evidence was gathered strictly for investigative or forensic purposes." Syl. Pt. 9, *State v. Pettrey*, 209 W.Va. 449, 549 S.E.2d 323 (2001), *cert denied*, 534 U.S. 1142, 122 S.Ct. 1096, 151 L.Ed.2d 994 (2002).

*Payne*, 225 W.Va. at 604, 694 S.E.2d at 937, Syl. Pt. 5. Further,

[w]hen a child sexual abuse or assault victim is examined by a forensic nurse trained in sexual assault examination, the nurse's testimony regarding statements made by the child during the examination is admissible at trial under the medical diagnosis or treatment exception to the hearsay rule, *West Virginia Rule of Evidence* 803(4), if the declarant's motive for making the statement was consistent with the purposes of promoting treatment and the content of the statement was reasonably relied upon by the nurse for treatment. In determining whether the statement was made for purposes of promoting treatment, such testimony is admissible if the evidence was gathered for a dual medical and forensic purpose, but it is inadmissible if the evidence was gathered strictly for investigative or forensic purposes.

*Payne*, 225 W.Va. at 604, 694 S.E.2d at 937, Syl. Pt. 6.

Upon our review, we find that the child's statements from the interviewer's testimony were admissible pursuant to Rule 803(4) of the West Virginia Rules of Evidence. The record shows that W.S. was referred to the Child Advocacy Center for examination because of her disclosures of sexual abuse, thereby establishing that the child's motive for making the statement was consistent with the purpose of promoting treatment. Simply put, there is nothing in the record to indicate that the child made statements to the interviewer for any purposes other than treatment, and petitioner has not established otherwise. In fact, on appeal, petitioner fails to allege that the child's statements were made for any purposes other than treatment. Moreover, although she alleges that the child's recorded interview was never played during the hearing, petitioner also acknowledges that the recording was introduced into evidence for the circuit court's viewing. This evidence shows that the interviewer gathered the statements in question for the purpose of promoting medical treatment for the child. Although the interviewer was not a nurse and did not engage in play therapy, she was a forensic counselor trained in the process of interviewing victims of sexual abuse for purposes of treatment. As such, we find no abuse of discretion in the circuit court's admission of the testimony in question, as the same qualified as an exception to the hearsay rule under Rule 803(4).

Moreover, the circuit court did not err in admitting the testimony of certain foster parents who testified to statements from the children made in their respective homes. According to the

record, the circuit court specifically sustained petitioner's objection in so much as the statements could not be admitted to prove the truth of the matter asserted. However, the circuit court did allow the evidence to be admitted to establish what actions the foster parents took in response to the statements, including ultimately removing some of the children from certain foster homes or seeking additional treatment for the children's behavior. According to West Virginia Rule of Evidence 801(c)(1) and (2), hearsay is defined as "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Here, the testimony of the foster parents does not constitute hearsay, as the DHHR did not introduce the same for the purpose of proving the truth of the matter asserted. Contrary to petitioner's argument that the circuit court found these statements constituted hearsay, nothing in the record indicates as such. Instead, the circuit court simply limited its consideration of the evidence in question to the subsequent actions taken by the witnesses. As such, we find no error in this regard.

Finally, the Court finds no merit to petitioner's argument regarding her inability to cross-examine the psychologist at issue because the record is clear that petitioner did engage in cross-examination of this witness. Petitioner argues that she was prejudiced because the witness submitted an additional report following the adjudicatory hearing, which limited her ability to question the witness about its contents. It is true that the circuit court, in its adjudicatory order, found that the psychologist, after his testimony, reviewed the video recording of W.S.'s interview "and thereafter provided the [circuit c]ourt with a report finding that a diagnosis of child sexual abuse . . . was warranted . . . ." However, it is clear that the psychologist testified to this same information during the adjudicatory hearing. According to the record, the psychologist indicated that additional evidence presented to him throughout the proceedings resulted in him reaching the conclusion that "the parents may have perpetrated some of this abuse[.]" The record also shows that petitioner was permitted to cross-examine the witness in regard to this updated opinion. The fact that the witness later memorialized this opinion in an updated report for the circuit court does not constitute prejudice to petitioner and, accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 2, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker